## Yates *v.* State

No. 43686          May 31, 1965          175 So. 2d 617

*Darryl A. Hurt,* Lucedale, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

JONES, J.

This is the same case as Yates v. State, 251 Miss. 376, 169 So. 2d 792 (Miss. 1964). A reading of that case will disclose that appellant's conviction there was reversed and the case remanded for another trial because of the failure of the lower court to grant court-appointed attorneys for appellant sufficient time to investigate his mental capacity.

On the retrial the facts were substantially the same as those given in the above report with the exception that in the second trial no written confession was introduced. On retrial, appellant was again convicted and sentenced to death. The case comes here and the principal assignment and the only one argued is that the court erred in accepting appellant's plea of guilty and refusing to sentence him to imprisonment for life, it being alleged that he was denied due process of law as required by the Fourteenth Amendment to the Constitution of the United States, which provides that, ''Nor shall any state deprive any person of life, liberty or property without due process of law.''

The assignment that the court should have sentenced the appellant to life rather than permitting the jury to fix the punishment was answered in the case of Yates *supra* Headnote 3. A reading of that part of the opinion will disclose that due process in this State requires the punishment of one charged with murder to

be determined and fixed by a jury. This is due process governing said question.

The second assignment of error is that the court erred in overruling the motion for a new trial. We have examined this motion and the order of the court and find no error in overruling such motion.

The third assignment relates to the admission of certain articles in evidence, including gasoline trading stamps mentioned in the first opinion, a pocketbook belonging to the deceased, a ring belonging to the deceased, and the murder weapon, a 38-caliber Smith & Wesson revolver. Some of these items were held properly admitted in the reported case, and an examination of the record here shows that when each of said articles was offered for introduction, the attorney for appellant specifically stated that there was no objection. Regardless of this, however, we are of the opinion that said articles were properly admitted into evidence.

■■■ ■ This being a case in which the death penalty was inflicted, we have gone outside of the assignments of error and made a careful examination of the record. We find no reversible error. The indictment was properly drawn. The State requested only one instruction which told the jury that they could return any one of three verdicts: (1) Determining the penalty of the defendant and fixing his punishment at death; (2) fixing his punishment at life in the penitentiary; and (3) certifying that they are unable to agree upon his punishment, in which event it would be the court's duty to sentence him to life imprisonment. We find no error in that instruction. The court granted each instruction requested by the defendant, refusing none.

■■■ ■ On February 22, 1965, the parties, including appellant, were before the court when the attorney for appellant stated that the appellant did not wish to change his plea of guilty; that he, the attorney, had discussed the matter with the appellant and his mother and father

at length, and that it was the opinion of appellant and his mother and father that his plea in this case should remain a plea of guilty. The attorney also stated to the court that he had discussed with appellant and his parents the matter of a change of venue; that after discussion at great length, they had expressed their desire that he be tried in the Circuit Court in Lucedale, Mississippi; that it was the opinion of the appellant and his parents that a change of venue should not be requested, and that no motion for same should be made. They were of the opinion he would receive justice by being tried in Lucedale, and that he could obtain a fair trial in that city.

The attorney further stated that he had discussed the question of insanity with the appellant and his parents and that all three of them had emphatically stated that they did not believe the appellant to be insane and did not wish to claim the defense of insanity. The attorney also stated he had discussed the question with Dr. W. L. Jaquith, Director of the Mississippi State Hospital, at Whitfield, and with Dr. Head and Dr. Scoggins, members of the staff, and after this consultation, the doctors wrote an opinion dated February 2, 1965, consisting of three and one-half single-spaced typewritten pages, stating that appellant was sane under the laws of the State of Mississippi and was not entitled to the defense of insanity. He further stated that with the assistance of the circuit judge, the district attorney, the county attorney, and a United States Senator, they had arranged for and received appellant's medical record compiled while he was in the United States Air Force. The appellant's attorney stated that the records are devoid of any medical evidence of psychosis or psychiatric behavior or diagnosis. The attorney said that after discussing this matter with the appellant and his parents and with the doctors aforesaid, he was conscientiously of the opinion that the accused's defense would

be harmed by claiming a defense of insanity for which there was no basis.

He did include and file in the record the photostatic copy of the State Hospital Staff's study dated February 2, 1965, relating to defendant, and a copy of the chronological records of medical care from the Air Force. The staff summary made by Mississippi State Hospital states that it finds no psychosis and that they believe that the best diagnosis for him would be "without psychosis."

The attorney stated that he desired to be clearly understood that the decision not to request a change of venue and not to claim insanity was not his decision alone but was arrived at after a lengthy discussion with appellant and his parents. The attorney also stated for the record that the appellant was admitted to the Mississippi State Hospital on December 29, 1964, for psychiatric evaluation prior to this trial and that he was examined at the institution from December 29, 1964, until on or about February 6, 1965; that the report of the hospital staff was based upon their examination and observation of the appellant during the period he was in their institution; and that the doctors had considered and studied the chronological record of the medical care which the appellant had received while in the Air Force and it did not change their opinion.

After the attorney had completed his statement, the court asked the appellant if he had heard the statement made by his attorney and he answered "yes." Then the court asked him if he would like to add anything, and he replied, "No, I believe he got it all." The court asked him if he concurred in the statement and he answered, "Yes." Thereupon the case was set for trial on the following Monday, March 1, 1965. It was agreed on March 1, 1965, the date of the trial, that the court reporter need not transcribe any proceedings in the selection of the jury unless a request or a particular objection was made, and that only that part be trans-

cribed. No question was raised; the jury was selected; the court proceeded in the trial of the cause. As heretofore stated, the facts proven were substantially the same as those shown at the former trial. The oral confessions were introduced and the appellant testified in accord with such confessions. We are unable to find any reversible error in the proceedings. The guilt of the appellant was conclusively proven and the killing was shown to be without any reason and without justification. While on the stand, the appellant claimed no self-defense or other justification, and did not even assert any extenuating circumstances, only saying when asked why he shot him, "I don't know."

The case is therefore affirmed and Friday, the 16th day of July, 1965, is hereby fixed as the date for the execution of the sentence and the infliction of the death penalty in the manner provided by law.

Affirmed and Friday, July 16, 1965, is set for date of execution of death sentence.

All Justices concur.