**Philip G. YATES, Petitioner,**

v.

**C. E. BREAZEALE, Superintendent of the Mississippi State Penitentiary, Respondent.**

**No. GC66-2.**

United States District Court
N. D. Mississippi,
Greenville Division.

June 24, 1966.

Alvin J. Bronstein, Jackson, Miss., Darryl A. Hurt, Lucedale, Miss., for plaintiff.

G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, Miss., for defendant.

## MEMORANDUM OPINION

CLAYTON, Chief Judge.

Philip G. Yates, the petitioner, was confined to the Mississippi State Penitentiary awaiting execution as a convicted murderer at the time his petition for a writ of habeas corpus was filed in this court. An order was entered to stay the execution until further order of this court, and a trial on the merits of the issues made by the allegations of the petition and respondent's return or answer thereto was had. The case is now before the court on briefs of the parties and the record made at said hearing, which included transcripts of the two trials in the Circuit Court of George County, Mississippi.

Chronological court developments before the filing of this case here are as follows. The Grand Jury of George County, Mississippi returned a murder indictment against Philip G. Yates on February 18, 1964. He was brought before the court on that same day and counsel were appointed as a result of his statement to the court that he was without counsel and was unable to employ counsel. Upon arraignment, after consultation with counsel, Yates entered a plea of guilty. Trial was had to a jury on the question of punishment in accordance with state law. Mississippi Code Annotated 1942 (Recompiled) § 2217. The trial was completed and the verdict of the jury was returned on February 28, 1964. The effect of the verdict was to fix death as the punishment, and the death sentence was imposed the same day. There was an appeal to the Supreme Court of Mississippi and the case was reversed and remanded upon the sole ground that the trial court should have sustained a motion made by counsel for Yates for a continuance to permit adequate investigation and preparation, especially in connection with the mental condition of Yates. Yates v. State, 251 Miss. 376, 169 So.2d 792, 802. The opinion in that case contains a lengthy state-

ment of the evidence. It was released on December 14, 1964.

It may be helpful to state here that the Supreme Court of the United States decided Escobedo v. State of Illinois[1] on June 22, 1964. This case was thus decided before the second trial of Philip G. Yates in the Circuit Court of George County. That trial, which was had after reaffirmance of the plea of guilty and a waiver of a defense of insanity, was completed on April 14, 1965, with the same result as in the first trial. The death penalty was imposed. On appeal the Supreme Court of Mississippi affirmed. Yates v. State, 253 Miss. 424, 175 So.2d 617. That affirmance was on May 31, 1965, and petition for certiorari[2] was denied without opinion by the Supreme Court of the United States on November 22, 1965. Yates v. Mississippi, 382 U.S. 931, 86 S.Ct. 321, 15 L.Ed.2d 342. From the date of that action by the Supreme Court of the United States until the habeas petition was filed in this court, no post conviction relief was sought in the courts of Mississippi.

Not inconsistently with the petition for certiorari, Yates now claims here in substance as follows:

1) The state had no case absent a confession given by Yates and its fruits, including directions by Yates to the body of the murdered man, and this confession was not admissible under *Escobedo* since it came from interrogation while Yates was in custody without counsel and without any prior advice to him about his right to counsel or his right to remain silent.

2) That both pleas of guilty were prompted by the belief on Yates' part and on the part of his appointed counsel that the confession and its fruits were admissible (when they were not) and that thus such pleas are insufficient to sustain a conviction.

3) That at the time when the pleas of guilty were entered, Yates had the mistaken belief that the death penalty could not be imposed on such a plea.

4) That it was constitutionally impermissible for the trial court to accept Yates' second or reaffirmed plea of guilty and his waiver of the defense of insanity, since such actions were based upon a psychiatric finding that petitioner was "without psychosis" and were without a determination that Yates was competent to stand trial, to enter the plea of guilty and to waive the issue of insanity.

The record before this court is adequate to support a determination with respect to each of the points raised by petitioner. However, in limine, this court must determine whether this petitioner, Philip G. Yates, has exhausted his state remedies within the meaning of the habeas statute.[3] Mississippi has effective post conviction procedures. See Mississippi Code Annotated 1942 (Recompiled) § 1992.5 and the article by Chief Justice W. N. Ethridge, Jr., of the Supreme Court of Mississippi, Recent Trends in Criminal Law and Their Effects on Mississippi Practice, 37 Miss. L.J. 9, 22–27 (1965). And, the decided cases in this circuit which are now current point the way to the action this court feels is proper in this case at this time. See Whippler v. Balkcom, 342 F.

---

1. 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

2. Some of the same issues or points in that petition which were raised for the first time there are also present in the case here.

3. Section 2254, Title 28, United States Code:

    An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted *unless it appears that the applicant has exhausted*

*the remedies available in the courts of the State,* or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, *if he has the right under the law of the State to raise, by any available procedure, the question presented.* (Emphasis added.)

2d 388, 389, 390 (5th Cir. 1965); Smart v. Balkcom, 352 F.2d 502 (5th Cir. 1965); Pate v. Holman, 343 F.2d 546 (5th Cir. 1965); Mathis v. Wainwright, 351 F.2d 489 (5th Cir. 1965); Brooks v. Wainwright, 345 F.2d 641 (5th Cir. 1965).

Even a casual reading of the second opinion of the Supreme Court of Mississippi[4] demonstrates that the fundamental federal constitutional issues posed by petitioner in this court, any one of which might be decisive, have neither been submitted to nor considered by the courts of Mississippi, and those courts, it must be said, are as competent to pass upon the federal constitutional rights of Philip G. Yates as is this court. The application of Escobedo v. State of Illinois, supra, the more recent case of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (June 13, 1966), (and the related cases decided with Miranda, Nos. 759, 760, 761 and 584, October Term 1965), and the even more recent case of Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (June 20, 1966), as well as the other authorities cited by petitioner, to the peculiar facts and circumstances of this case properly should first be presented to and decided by the courts of Mississippi. It therefore is unnecessary for this court at this time to officiously undertake to deal with problems which are properly first the problems of the State of Mississippi and of the federal courts last, if that is necessary.

This court will stay its hand for a period of four months from this date in order that petitioner may present his contentions in proper post conviction proceedings in the state courts. The stay of execution will continue subject to further orders of the court. If, during the four month period, the petitioner fails to apply to the state courts for post conviction relief, the application for a writ of habeas corpus will be dismissed for failure of the prisoner to exhaust state court remedies. Should he apply to the state courts but fail to obtain the relief he seeks, he may, by affidavit and exhibits or by amended application, bring to the attention of this court that the state courts have either declined to grant him a remedy or have denied his constitutional claims. Jurisdiction of the present proceeding will be retained by this court until further order. Brooks v. Wainwright, supra.

An order will be entered in accordance with the foregoing.

---

4. Yates v. State, 253 Miss. 424, 175 So.2d 617 (1965).