GILLESPIE, Presiding Justice:
Phillip G. Yates was condemned to death for the murder of Jerry Gordon. While awaiting execution he filed in this Court an application for leave to file in the trial court a petition for writ of error coram nobis pursuant to Mississippi Code Annotated section 1992.5 (1956).
The principal question for our decision is whether the application shows probable cause that Yates’ plea of 'guilty should be set aside on the ground that an extra-judicial confession was not voluntary. We hold that the records of the two trials show co-clusively that Yates was .competent and pleaded guilty affer being fully and competently advised of his rights, and judicially confessed by taking the stand and affirming the voluntariness of his plea of guilty and reaffirming his previous extra-judicial confession. The verdict of the jury condemning him to death should not be vacated, and leave to file the petition for writ of error coram nobis is denied.
The ‘First Trial '
Yates was indicted-for murder, a capital offense, and the trial judge appointed counsel to defend him. Upon arraignment, he was represented by his counsel and entered a plea of guilty. The trial judge cautioned the defendant as to the consequences of his plea and that a jury would be impanelled to determine whether the punishment would be death or life imprisonment. His attorney informed the court that he had coun-selled with the defendant as to the consequences of his plea, the procedure following a plea of guilty, and the dangers of such a plea. The trial judge stated to the defendant from the bench the effect of a plea of guilty and the court’s desire to see that his. plea was free and voluntary. The court inquired if the defendant understood his. explanation, and the defendant stated that he did. The defendant stated that he was twenty-one years old, that he had finished the eleventh grade in school, and insisted that he still desired to enter a guilty plea. Yates stated that he understood the consequences of his plea and there was no doubt in his mind about his desire to plead guilty. After making careful inquiry concerning the circumstances of Yates’ plea and being assured that Yates had competent advice from his counsel, the trial judge found that the defendant understood his plea and that it was free and voluntary. The plea was then accepted and a special venire was drawn in the presence of Yates and his counsel. The court sustained a motion for examination of the defendant by a psychiatrist. After receiving the report of the psychiatrist that Yates was without psychosis and was competent to aid and assist his counsel, the trial proceeded before a jury selected from the special venire. The sole issue was whether Yates would suffer the death penalty or be imprisoned for life. Considerable testimony was heard, including the confession of the accused, which was re* ceived 'without objection. Yates then took the stand and fully confessed the crime with which he was charged and gave the reasons why he wrote a confession in his own handwriting, and later signed a typewritten confession. He stated that he had freely and voluntarily confessed without any threat or *919 . promise and that “every word of it (con-; fession) is true.”
The jury returned a verdict determining that death should be the penalty.
Upon appeal to this Court we held that the trial court did not err in accepting the plea of guilty and in submitting to the jury the question of punishment. The Court held that the denial of a motion for continuance was reversible error. The case was reversed so that defendant could secure and use in his trial the defendant’s service record while in the United States Air Force, including psychiatric examinations, which he contended might have resulted in a different verdict, had it been presented to the jury. Yates v. State, 251 Miss. 376, 169 So.2d 792 (1964).

The Second Trial

Upon remand for retrial, Yates’ counsel stated to the court that after discussing the matter at great length' with the defendant .•and his parents, the defendant and his par-vents desired (1) that his plea should remain a plea of guilty and (2) that no .change of venue was desired. He also stated that counsel had discussed the matter .of Yates’ sanity with the staff of the Mississippi State (Insane) Hospital at Whitfield, who made' a five-week examination of defendant at the state hospital and that Yates was diagnosed as being without psychosis. Counsel also stated to the court that he had discussed the matter of pleading insanity with the defendant and with defendant’s parents,' and defendant and his parents did not desire to plead insanity. The lengthy report of the staté hospital •staff was introduced in the record. In this •connection, counsel stated that all medical records of the United States Air Force con•cerning the defendant were made available to the staff of the Mississippi State Hospital at Whitfield, and the Air Force reports were devoid of any medical evidence of the -defendant having any psychosis and that he had never been diagnosed as being psy.chotic. Photostatic copies of Yates’ medical .record in the Air -Force were introduced and appeared in the record of the second trial.
The record of the second trial was much shorter than the first. The confession was again introduced, and the sheriff told of Yates showing him where to find the body of the deceased in a remote wood. Yates again took the stand, and in response to questions by his counsel, again confessed, telling how well he had been treated by everyone following his arrest, and that he confessed because of his family and his desire to clear his conscience. He fully and completely related in open court the details of the qrim'e. The jury again- meted out the death penalty, and Yates again appealed to this Court. We affirmed. Yates v. State, 253 Miss. 424, 175 So.2d 617 (1965).

Proceedings in Federal Court

Yates’ application for writ of certiorari to the United States Supreme Court was denied November 22, 1965, and this Court appointed a new date for execution of the death sentence. A petition for writ of ‘habeas corpus was filed7 in the United States. District Court for the Northern District of Mississippi. The Honorable Claude F. Clayton, Judge of that court, stayed execution) held a hearing, and on June 24, 1966, entered an order staying proceeding in the United States District Court for a period of four months in order that Yates might pursue his post-conviction remedies in the state courts. ' The application for leave to file a petition in the trial court for a writ of error coram -nobis, now before this Court, followed.

Disposition of Present Proceeding

When application is made to this Court for leave to file in the trial court a petition for writ of error coram nobis, leave is usually granted if the application and the proposed petition state sufficient facts to show probable cause for the issuance of the writ. Rogers v. State, 241 Miss. 593, 130 So.2d 856 (1961).' In' the case now before us we consider the allegations of *920 the application along with the records of the proceedings in the two trials in determining whether there is probable cause for the issuance of a writ.
The first and main contention of applicant is that his plea of guilty at his second trial was not voluntary because (1) the State had no case absent a confession made after his arrest and without benefit of counsel and without any prior advice as to his right to counsel and his right to remain silent, and that the plea of guilty was induced by the mistaken belief of applicant and his counsel that the confession was admissible at the second trial, and (2) applicant was not advised that a plea of guilty could subj ect him to the death penalty, and he believed that one who pleaded guilty could not be subjected to the death penalty in this state.
We assume for the purpose of deciding the questions before us that both the oral and written confessions would have been inadmissible under Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), had the accused not judicially confessed by pleading guilty and waived his right to object to the confession by taking the stand and reaffirming his confessions.
The contention that the plea of guilty at the second trial was not voluntary is based on purely subjective factors concerned with his motivation for pleading guilty. His position necessarily assumes incompetence of his attorney, absence of advice that he could be subjected to the death penalty if he pleaded guilty, and that the State had no case absent the confessions. These three assumptions are fully and conclusively refuted by the records of the two trials.
Applicant’s court-appointed counsel was Honorable Darryl A. Hurt whose dedication to his client’s cause and overall performance in the case, as reflected in the records of the two trials and his oral arguments before this Court, were in the best tradition of the legal profession. It is apparent to this Court that the plea of guilty was part of the strategy to save applicant’s: life. The records in this case conclusively show that Yates was ably represented by-counsel at his two trials. The petition: which Yates seeks to file in the lower court: does not allege any fact from which it can' be inferred that his counsel was not competent or that he was unaware of Escobedo• when the plea of guilty was made at the-second trial.
Yates’ assertion in the present proceeding that he was not advised at the second trial that a plea of guilty could subject, him to the death penalty is without any foundation in fact. The records of the two-trials show conclusively that Yates, his. counsel, and his parents knew that the jury could fix the punishment at death. At the-start of the second trial, Yates’ counsel' stated that he had discussed at length the-matter of his plea, the question of insanity,, and the matter of venue, and that the decision to plead guilty, not to plead insanity, and not to request a change of venue, was. reached after lengthy discussion among the-accused, his parents and counsel. The-trial judge made every effort to be certain, that Yates understood the consequences of' his plea, and he was careful to ask the accused whether he concurred in the statements of counsel. Yates said that he did. Near the end of these preliminary matters, at the second trial, the trial judge again advised Yates that it was the duty of the court “to submit to a fair and impartial jury the-question of his punishment, whether or not. he should suffer death in the gas chamber or be given a sentence of life imprisonment.”
The contention that the State had. no case absent the confession is insufficient-to base a decision that there is probable-cause for the issuance of a writ of error coram nobis. It was not necessary for the-State to make proof of guilt upon a plea. *921 .-of guilty. It is _ not necessary to decide whether the proof of guilt, other than the confession and plea of guilty, would sustain a conviction, but the record does show -that the State had other evidence of guilt.
On the question of the voluntariness •of the plea of guilty, the records before us •show that Yates was remorseful for having committed a grievous crime. He wanted 'the release that confession affords the .•guilty. He confessed his crime in open court after lengthy discussion with competent counsel and his parents, and after the trial judge had made clear the consequences • of his plea. All this is abundantly shown in the records of the two trials. It seems to us that there is no showing of probable •cause that the plea of guilty was not freely, voluntarily and competently made by Yates after having been fully advised by competent counsel. Moreover, we are of the opinion that one accused of crime has as much right to confess his crime as he has to conceal it by silence, provided he has competent advice.
The second contention is that the waiver of the plea of insanity on the sec•ond trial was not voluntary because Yates .and his counsel were induced to waive such -plea because of the mistaken belief that the -psychiatric diagnosis that Y ates was without psychosis precluded him from asserting the •defense of insanity. No probable cause for the issuance of a writ of error coram nobis is shown by this assertion. It is not alleged that Yates is or was in fact insane. 'The court appointed a psychiatrist prior to the first trial, and his diagnosis was that 'Yates was without psychosis and was able •to stand trial. This Court reversed the case •so that the medical records of the United 'States Air Force could be obtained. During the interval between the first and second trials, the trial court ordered Yates examined by the staff of the Mississippi State 'Hospital at Whitfield, where he was ex-amined during the period from December 29, 1964 until February 6, 1965, and after •studying the records of the Air Force, the staff of psychiatrists found Yates “without psychosis.” Yates has been thoroughly examined by psychiatrists and has been found without psychosis. His contentions in this regard are without any merit.
The application in this case is unique, as already stated, in that it is based on what Yates believed concerning the admissibility of the extra-judicial confession, what he believed concerning the legal effect of the opinions of the psychiatrists that Yates was without psychosis, what he believed concerning the effect of pleading guilty — that he could not be given the death penalty — and what Yates believed his attorney believed about these matters. He now says these were mistaken beliefs on his part and his counsel’s part, and the judgment should' be set aside and he should be allowed to withdraw his plea of guilty. As already stated, the records of the two trials show conclusively that there was no objective basis for these beliefs. Courts may not properly make a judgment or set one aside on the subjective beliefs of a party in interest except when the fact of the existence of such beliefs is permissibly inferred from external facts, i. e., statements, acts or circumstances. The infeasibility of getting into the mind of a person to determine what he thought or believed is a sound reason for the principle of externality that requires judgments be based on something more than subjective statements of what one believes or thinks. The unsupported assertions as to what applicant believed or thought at the time he entered the plea of guilty are too tenuous a basis for setting aside a judgment so solemnly entered.
We are of the opinion that the application does not show probable cause for the issuance of the writ of error coram nobis. The application is denied.
Application for leave to file petition for writ of error coram nobis denied.
ETHRIDGE, C. J., and PATTERSON, INZER and ROBERTSON, J J., concur.