**Willie Edward KING, Petitioner,**

v.

**Thomas B. COOK, Superintendent of Mississippi State Penitentiary at Parchman, Mississippi, Respondent.**

**No. GC 6828.**

United States District Court
N. D. Mississippi,
Greenville Division.

July 12, 1968.

Martha M. Wood, Jackson, Miss., for petitioner.

Joe T. Patterson, Atty. Gen., State of Miss., Jackson, Miss., for respondent.

## MEMORANDUM OPINION

KEADY, Chief Judge.

Willie Edward King was confined to the Mississippi State Penitentiary upon a criminal conviction, at the time of filing in this court of his petition for habeas corpus and for leave to proceed in forma pauperis. Invoking the authority of 28 U.S.C. § 2241 (1964), petitioner alleges that his custody is in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution.

A brief statement of the factual background of this case follows. On March 13, 1967, the grand jury of Quitman County, Mississippi, returned a grand larceny indictment against petitioner. On March 15, 1967, petitioner moved to quash the indictment on the grounds of 1) systematic exclusion of Negroes from the jury list and venire from which the

grand jury was drawn; 2) unconstitutional exclusion of women from jury service solely by reason of their sex; and 3) unconstitutionally vague standards for selection of jurors. Upon hearing on March 20, 1967, the Circuit Court of Quitman County, Mississippi, overruled motion to quash the indictment. On March 20 and 21, 1967, the Circuit Court also heard and overruled motions for a mental examination of petitioner and also for his examination by a psychiatrist of petitioner's own selection, but at the expense of Quitman County. On March 21, 1967, petitioner was convicted of grand larceny, and on May 27, 1968, his conviction was affirmed by the Mississippi Supreme Court, in King v. State of Mississippi, 210 So.2d 887. Petitioner has not filed a suggestion of error following the affirmance of conviction, nor has he yet applied for a writ of certiorari to the United States Supreme Court. On June 13, 1968, petitioner applied to this court for writ of habeas corpus, which application was ordered filed on June 17, 1968, in the Delta Division of the Northern District of Mississippi. The respondent therein named was L. V. Harrison, Sheriff of Quitman County. On June 17, 1968, and before notification, Harrison had apparently delivered petitioner to the present respondent, who is the Superintendent of the Mississippi State Penitentiary. A new petition has this date been ordered filed in the Greenville Division which names the present custodian as respondent.

The points raised in the habeas corpus petition are the same as those asserted at trial in the state court, and later in the Mississippi Supreme Court. For whatever validity petitioner's federal constitutional contentions may have, it is inappropriate for this court to now consider his claims on the merits because close examination of the federal habeas statute [1] reveals that, at this juncture, petitioner has failed to exhaust his available state remedies.

■ So long as, by virtue of any available state remedy, there remains opportunity for petitioner to have his rights vindicated within the state court system, a federal district court should not examine the merits of the controversy. As stated in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation * * *. Solution was found in the doctrine of comity between courts, a doctrine which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." [Citing Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761, 767.]

■ Since the affirmance of petitioner's conviction by the Mississippi Supreme Court, the time for filing a suggestion of error therein has expired. Petitioner's failure to make a timely compliance of such a state procedural requirement does not of itself bar his application to the federal courts for habeas corpus relief. Fay v. Noia, supra, holds unequivocally that the state procedural remedies which must be exhausted be-

1. § 2254, Title 28, U.S.C., reads as follows:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court shall not be granted *unless it appears that the applicant has exhausted the remedies available in the courts of the state,* or that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the state, within the meaning of this section, *if he has the right under the law of the state to raise, by any available procedure, the question presented.* (Emphasis added)

fore federal review are only those which are still open to the petitioner *at the time he files a federal habeas corpus petition.*

The problem, then, is resolved by a solution of two basic questions: 1) what remedies, if any, are "still available"?, and 2) if available, are these meaningful and effective post-conviction remedies?

■ Petitioner has ninety days from May 27, 1968, within which to petition for writ of certiorari to the United States Supreme Court.[2] This means that until August 25, 1968, this appellate procedure will remain available to petitioner, thus preventing this court from proceeding any earlier.

■ It is the interpretation of this court that Fay v. Noia excuses failure to apply for certiorari only in cases where the ninety day period has, in fact, expired at the time the habeas corpus petition is filed in the federal district court. That the Supreme Court did not intend to permit habeas corpus applicants to proceed in federal court prior to such expiration date is clear from language found at page 847 of 83 S.Ct., page 867 of 9 L.Ed.2d.[3]

■ The statutory writ of state habeas corpus [Miss. Code Ann. 1942 (Recomp.) § 2815 et seq.], as construed by the Mississippi Supreme Court, is of limited function, and it would be of no value to petitioner here. In Rogers v. State, 240 Miss. 610, 128 So.2d 547, the State Supreme Court referred to the considerably broader application of federal habeas corpus as applied in the federal courts. Speaking of attempts to rehear cases wherein the constitutional rights of persons under criminal conviction are allegedly violated, the court observed that the remedy of petitioners in such cases lay in a proceeding for writ of error coram nobis as regulated by § 1992.5 Miss. Code. In Harvey v. State of Mississippi, 340 F.2d 263, it was likewise pointed out that § 2815 et seq., the Mississippi habeas corpus statutes, strictly limit the application of that remedy to cases only involving such defects as may appear on the face of the judgment.

By contrast, a writ of error coram nobis in Mississippi is of broad scope and range, particularly giving cognizance to violation of constitutional rights occurring in criminal trials. § 1992.5, originally enacted in 1952, becomes operative upon affirmance of conviction in the Mississippi Supreme Court. The statutory scheme provides that before such writ may be filed in the trial court, an application must first be presented to a quorum of the Supreme Court Justices, who may require applicant, or the State, to submit oral testimony, subject to cross-examination, to support the charges made. Where the application is granted and a hearing is held in the trial court, there is provision for an appeal to the State Supreme Court from an adverse determination, which right of appeal is available to either the applicant or the State.

The legislative intent in the enactment of § 1992.5 regulating the common law remedy of error coram nobis was clearly

---

2. Rule 38½ of the Supreme Court Rules reads, in relevant part, as follows:

"An appeal taken, or petition for writ of certiorari filed, seeking review of a judgment of a state court of last resort in a criminal case, shall be taken or filed within the ninety days prescribed in 28 United States Code Annotated, Section 2101(c), approved June 25, 1948. * * *"

3. The language indicative of the court's intention is as follows:

"Noia *timely* sought and was denied certiorari here from the adverse decision of the New York Court of Appeals on his coram nobis application, and therefore the case does not necessarily draw in question the continued vitality of the holding in Darr v. Burford, [339 U.S. 200, 94 L.Ed. 761, 70 S.Ct. 587], supra, that a state prisoner must ordinarily seek certiorari in this court as a precondition of applying for federal habeas corpus. But what we hold today necessarily overrules Darr v. Burford to the extent it may be thought to have barred a state prisoner from federal habeas relief if he had failed *timely* to seek certiorari in this court from an adverse state decision." (Emphasis added).

explained in Smith v. State, Miss., 155 So.2d 494, at pages 495, 496:

"In 1952 the legislature took cognizance of the need to establish an adequate post conviction remedy, which at the same time would preclude retrial of criminal convictions on frivolous or improper grounds, and would prevent an unnecessarily broad and unwarranted use of habeas corpus for that purpose in the numerous trial courts in the state. * * * In short, the intention of the legislature, by Chapter 250, Laws of 1952, was to create a post conviction remedy which must be initiated in the Supreme Court, and to require, as a condition precedent to a second hearing in the trial court, an order of this Court allowing the filing of such petition in the trial court."

The United States Court of Appeals for the Fifth Circuit has, illustrated by its recent decision in Peters v. Rutledge (397 F.2d 731, decided June 6, 1968), clearly indicated the standards requisite to be met by the post-conviction remedies of a state in order that they may be recognized as "available" and "effective". In the *Peters* case, one of the principal issues for determination was whether or not the Georgia post-conviction remedies (Habeas Corpus Act of 1967, Act No. 562 [S.B. 171], Ga.Laws pp. 835–839, 1967 Sess., approved April 18, 1967) were both "available" and "effective" within the meaning of Fay v. Noia, supra. The court, in holding that the state procedures might not be bypassed, applauded the "far reaching" act as an effective remedy for securing state court review of federal challenges to state convictions. It is the conclusion of this court that the statutory scheme enacted by Mississippi is not substantially different and no less effective than that provided by Georgia.

Prior to the passage of Georgia's comprehensive procedure act in 1967, the use of habeas corpus was very narrowly limited in that state, just as is the habeas procedure in Mississippi today. A 1964 Fifth Circuit Opinion in Cobb v. Balkom, 339 F.2d 95, explained the scope of the writ:

"It is the Georgia rule that '* * * habeas corpus cannot be used as a substitute for appeal, writ of error or other remedial procedure for the correction of errors or irregularities alleged to have been committed by a trial court.' * * * The writ of habeas corpus is 'the appropriate remedy [under the Georgia practice] only when the [trial] court was without jurisdiction in the premises * * *.' It has been held that the constitutional deficiency arising from denial of benefit of counsel may be raised by habeas corpus, but not a systematic exclusion question. Wilcoxon v. Aldredge, 1941, 192 Ga. 634, 15 S.E.2d 873, 146 A.L.R. 365."

Thus it is seen that Mississippi, in enacting § 1992.5, had a comprehensive procedure for the rehearing of criminal cases, wherein errors of a constitutional nature have occurred, as early as 1952, at which time Georgia still severely restricted the scope of its post-conviction remedies. The purpose of the Mississippi legislature in enacting § 1992.5 was to provide a meaningful and effective procedure for the protection of constitutional rights of those convicted of crime and the highest court of the state has interpreted the act in accordance with that purpose. Therefore, this court will stay its hand until petitioner has pursued those remedies provided to him by the State of Mississippi. Yates v. Breazeale, 255 F.Supp. 820; Pate v. Holman, 343 F.2d 546 (5 Cir. 1965); Mathis v. Wainwright, 351 F.2d 489 (5 Cir. 1965).

Petitioner is granted four months within which to apply to the state courts for post-conviction relief. If, during the four-month period, petitioner fails to apply to the Mississippi courts for post-conviction relief, his application for writ of habeas corpus will be dismissed for failure of the prisoner to exhaust his available state court remedies. Should he apply to the state courts but fail to obtain the relief sought, he may, by affidavit and exhibits, or by amended ap-

plication, bring to the attention of this court that the Mississippi courts have either declined his application for remedy or have denied his constitutional claims on the merits. Jurisdiction of the present proceeding will be retained by this court until further order. For similar disposition, see Yates v. Breazeale, supra.

An order will be entered in accordance with the foregoing.