**Charles E. THOMAS, Petitioner,**

v.

**James F. HOWARD, Superintendent Kentucky State Reformatory, Respondent.**

No. 2038.

United States District Court
E. D. Kentucky,
Lexington Division.

Sept. 26, 1969.

Charles E. Thomas, pro se.

John Breckinridge, Atty. Gen., Frankfort, Ky., for respondent.

## MEMORANDUM

SWINFORD, Chief Judge.

Petitioner, Charles E. Thomas, presented to the United States District Court for the Western District of Kentucky at Louisville, Kentucky, a motion to proceed in forma pauperis, an affidavit of poverty, and a petition for writ of habeas corpus. Petitioner was allowed to proceed in forma pauperis, 28 U.S.C. § 1915, and his petition for writ of habeas corpus was transferred to this court pursuant to 28 U.S.C. § 2241(d).

Petitioner is presently serving a life sentence in the Kentucky State Reformatory at LaGrange, Kentucky, following a conviction in May, 1966, of voluntary manslaughter and of being a habitual criminal. These convictions and the re- appeal. Thomas v. Commonwealth, 412 S.W.2d 578 (Ky.1967). In June, 1967, petitioner filed a motion for post conviction relief under Kentucky Rules of Criminal Procedure 11.42. A hearing was held on the motion and the trial judge overruled petitioner's motion for relief. The Kentucky Court of Appeals affirmed this denial of relief on Febru-

ary 14, 1969. Thomas v. Commonwealth, 437 S.W.2d 512 (Ky.1969). A petition for a writ of certiorari to the United States Supreme Court was mailed May 10, 1969, and docketed with that Court on May 12, 1969. The present action in this court was commenced June 23, 1969.

The state of this case, therefore, is: (a) a petition for writ of certiorari docketed with the United States Supreme Court, and (b) a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed with this court. Both charge denial of substantially the same constitutional rights and ask for the voidance of his 1967 conviction and sentence.

■ Until recently it was considered necessary that a state prisoner seek certiorari in the Supreme Court as a precondition of applying for federal habeas corpus. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950). This no longer is true. See Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Applying for a writ of certiorari is, of course, still an available procedure for the state prisoner.

In Fay v. Noia, supra, the Court stated:

"Noia timely sought and was denied certiorari here from the adverse decision of the New York Court of Appeals on his *coram nobis* application, and therefore the case does not necessarily draw in question the continued vitality of the holding in Darr v. Burford, *supra*, that a state prisoner must ordinarily seek certiorari in this Court as a precondition of applying for federal habeas corpus. But what we hold today necessarily overrules Darr v. Burford to the extent it may be thought to have barred a state prisoner from federal habeas corpus relief if he had failed timely to seek certiorari in this Court from an adverse state decision." *Id.* at 435, 83 S.Ct. at 847.

In other words, the failure of a state prisoner to timely file a petition for writ of certiorari in the Supreme Court, after an adverse decision of the state court, does not deny him the right under the "exhaustion of state remedies" doctrine, 28 U.S.C. § 2254, to seek federal habeas corpus. Fay v. Noia, under any interpretation, cannot be read to deny a state prisoner the right to proceed by a timely writ of certiorari before he seeks federal habeas corpus. Fay v. Noia simply no longer makes the writ of certiorari a required step in seeking federal habeas corpus.

Petitioner's petition for writ of certiorari was filed within ninety days after the adverse state decision. It is, therefore, timely. Rules of Supreme Court 11(1), 22(1).

■ Under this state of events, this court is of the opinion that it cannot rule on petitioner's application for writ of habeas corpus. Petitioner has a timely petition for writ of certiorari before the United States Supreme Court on almost identical allegations as are before this court. Though certiorari is no longer required to "exhaust state remedies", it is available to the state prisoner desiring his claims to be heard. If he chooses to pursue that procedure before filing for federal habeas corpus, he must pursue it to completion before filing his petition for writ of habeas corpus with a United States District Court. See King v. Cook, 287 F.Supp. 269, 270–271 (N.D.Miss.1968).

The petitioner's application for writ of habeas corpus is denied.

An order in accordance with this memorandum is this day entered.