388 So.2d 143 (1980)
Billy Dale HILL
v.
STATE of Mississippi.
No. 51863.
Supreme Court of Mississippi.
September 17, 1980.
*144 Billy Dale Hill by William E. "Bill" Ware, Legal Intern, Parchman, for appellant.
Bill Allain, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before BROOM, LEE and COFER, JJ.
BROOM, Justice, for the Court:
Coram nobis relief was denied the appellant, Billy Dale Hill, by the Circuit Court of Calhoun County after Hill entered guilty pleas to indictments charging him with murder and forcible rape. Consecutive life term sentences without parole and probation were ordered. On appeal, Hill argues that (1) his attorney was incompetent and lacked proper interest in the case, (2) his sentences, "without parole and probation," were erroneous, and (3) the court erred in its failure to inform Hill of the number of years he would have to serve before he would be eligible for parole and/or the severity of the two life sentences.
On September 5, 1974, Hill was charged with murder of 87-year old Minnie Hamilton for which he was tried, convicted and sentenced to death. On his appeal here, we reversed and remanded for a new trial. Hill v. State, 339 So.2d 1382 (Miss. 1976). At the October 1977 term of the Circuit Court of Calhoun County, he was indicted for murder in Cause No. 3137 and forcible rape in Cause No. 3138. During that term, he (accompanied by his attorney who advised him) petitioned the court to accept his guilty pleas to the charges and enter pleas of guilty to both the murder and rape indictments. He was sentenced to life imprisonment for each of the two offenses which were ordered to run consecutively. Both orders stated that the sentence was to be "without probation or parole."
Hill sought post-conviction relief by way of his petition for writ of error coram nobis. After an evidentiary hearing, the lower court denied Hill the relief he sought. The state here on this appeal waives any procedural irregularities with respect to the perfection of the appeal and Rule 38 requirements [Baker v. State, 358 So.2d 401 (Miss. 1978)].
We find no merit to Hill's contention that he was without effective counsel. "[O]ne accused of crime has as much right to confess his crime as he has to conceal it by silence, provided he has competent advice." Yates v. State, 189 So.2d 917, 921 (Miss. 1966). As was true in Yates, at 920: "It is apparent to this Court that the plea of guilty was part of the strategy to save applicant's life." Months before Hill was last convicted upon his guilty pleas, he received a letter from his court-appointed counsel which reads:
This is just a note to let you know that Mr. Chandler, Mr. Crocker and I will be coming to Parchman to talk to you about your case on Monday morning, January 31, 1977. We will probably try to arrive at approximately 10:30 in the morning.
It is my understanding that the state's attorney is willing to waive his right to seek the death penalty against you if you will enter a plea of guilty to murder and rape separately and accept two life sentences, to run consecutively. I am aware of the feelings which you expressed in your last letter to me. I think you should be very much aware of the possibility that, if you do not agree with this proposal, you will be retried, reconvicted, and resentenced to death.

Please think about this so that we can discuss it with you very frankly and fully on Monday morning.
(Emphasis supplied).
Stewart v. State, 229 So.2d 53, 55 (Miss. 1969) held that "where a prisoner is being tried for his life he is entitled to effective assistance of attorneys... ." In Stewart, Justice Rodgers quoted from Judge Taylor's opinion in Smotherman v. Beto, 276 F. Supp. 579, 586 (5th Cir.1967):
When the adequacy of a defense rendered by an attorney is subjected to attack, the relevant consideration is not whether the case was lost where it could have been won, but whether counsel "stood still and did nothing, ..." to the extent that his representation failed to render reasonably effective assistance to the accused... .
*145 Attorney Robertson was astute and active in defense of Hill prior to the October 1977 trial date and filed the following petitions and motions: a pleading styled "Plea of Not Guilty by Reason of Insanity"; a "Motion for Special Venire" and a "Motion for Change of Venue."
Attorney Robertson demonstrated very adequate dedication and professionalism in his representation of Hill. By making Hill aware of the realistic possibility that the jury might find him guilty of capital murder, Attorney Robertson impressed upon Hill that he should carefully weigh his alternatives. Hill faced two real alternatives: a life sentence or death in the gas chamber. As noted by this Court in Hill v. State at 1385, supra:
This 18-year-old defendant was charged with the commission of a horrible and heinous crime, the crime of murdering an 87-year-old woman by stabbing her five times while committing the crime of rape. Her home had been broken into and her completely nude body was found early the next day in a pool of blood. The defendant could suffer death for this crime....
On the occasion of Hill's guilty pleas, his attorney stated:
MR. ROBERTSON: This morning, Mr. Newlin, and I visited with the Defendant, Billy Dale Hill, in Oxford in the Lafayette County Jail, for a substantial period of time and discussed this entire matter with him at length. Then this afternoon, after he was frought [sic] here to the Courthouse, we met with him and we also met with his parents and discussed the matter again. We have, on prior occasions to today, discussed the various alternatives that he has before him, and I can state for myself, and I am satisfied Mr. Newlin will join in this, that its [sic] our opinion that the Defendant fully understands the consequences of the plea he is entering and that the plea is being entered freely and voluntarily.
THE COURT: Call 3137, State versus Billy Dale Hill, charge of murder.
MR. ROBERTSON: Your Honor, the Defendant wishes to offer a plea of guilty to the charge, and we have a written petition prepared and signed by the Defendant, and Mr. Newlin and I as his attorneys, have [sic] also joined in the petition. Like to present that to the Court at this time.
THE COURT: All right, sir. Mr. Hill, did you go over this petition with your lawyers?
MR. HILL: Yes, sir.
THE COURT: Do you feel that you fully understand-.
MR. HILL: Yes, sir.
THE COURT: -The proceedings that's going on?
MR. HILL: Yes, Sir; I do.
THE COURT: Do you have any question that you desire to offer or ask the Court about concerning the matter?
MR. HILL: No, sir; I don't.
THE COURT: Now back in August 26th of his [sic] year, 1977, you were formally arraigned and entered a plea of not guilty to this charge. Now you have petitioned the Court today to accept a plea of guilty to the charge.
MR. HILL: Yes, sir.
THE COURT: Now if the Court accepts your plea of guilty, then there is [sic] some things that the Court wants to understand concerning this. Now if the Court accepts your plea of guilty, you are [w]aiving certain constitutional rights; have your lawyers advised you of this?

MR. HILL: Yes, sir; they have.

THE COURT: That you are entitled to the right of trial by jury with the aid of your lawyers, and it takes a unanimous verdict in order to bring in a verdict of conviction, and you understand you are waiving that?

MR. HILL: Yes, sir.

THE COURT: And they fully explained to you the constitutional rights set out in the petition?

MR. HILL: Yes, sir; they did.

THE COURT: Now has anyone forced you to do this?
MR. HILL: No, sir; no one.

*146 THE COURT: No one; has anyone made you any promises to induce you to do this?
MR. HILL: No, sir; no one.
THE COURT: And you are doing it freely and voluntarily?
MR. HILL: Yes, sir; I am.
(Emphasis supplied).
Upon this record, there can be no merit to Hill's argument that his attorney was "incompetent and had no interest... ."
The state in its brief concedes that "the portions of the judgments that read `without probation or parole' are of no legal effect." Cain v. State, 337 So.2d 935 (Miss. 1976); Miss. Code Ann. § 47-7-3 (Supp. 1979). Accordingly, we hold that the "without probation or parole" language of the orders appealed from are lacking in legal effect in this case and will be deleted by order of this Court to be entered here.
Hill seems to take the position that his guilty pleas were coerced on account of the fact that his attorney advised him that another jury trial could again result in a guilty verdict and death penalty. This proposition is totally lacking in validity. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).
In conclusion, we note that the trial judge was careful to explain to Hill that he was waiving "constitutional rights." Clearly developed by the judge's questioning of Hill is the fact that Hill was not forced or induced to plead guilty. Hill clearly stated to the sentencing judge that he freely and voluntarily pleaded guilty, and we find no reversible error in the record although the "without probation or parole" language will be deleted from the orders of conviction before us.
AFFIRMED; ORDER TO BE ENTERED HERE DELETING LANGUAGE FROM ORDERS OF LOWER COURT.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.
PATTERSON, C.J., took no part.