# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CP-00858-SCT

**BILLY DALE HILL a/k/a BILLY D. HILL**

**v.**

**STATE OF MISSISSIPPI**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/30/2012 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | CALHOUN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BILLY DALE HILL (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| | JOHN R. HENRY, JR. |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/29/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE RANDOLPH, P.J., LAMAR AND KITCHENS, JJ.

### KITCHENS, JUSTICE, FOR THE COURT:

¶1. In this appeal from the denial of his post-conviction motion for DNA testing, Billy Dale Hill claims that the circuit court had destroyed biological evidence without notifying him as required by Mississippi Code Section 99-49-1(3)(f)(ii)(1) (Supp. 2012). The evidence in question was a laboratory slide containing what was purported to be sperm cells collected during a 1974 autopsy. The only relief sought by Hill is that we "order appropriate remedies and impose sanctions" because of the failure to give proper notice. Miss. Code Ann. § 99-49-1(5) (Supp. 2012) ("If the court finds that biological evidence was destroyed in violation of the provisions of this section, it may impose appropriate sanctions and order appropriate

remedies.")  Given the uncontradicted proof that the circuit court did not have the evidence in question, we find no basis for Hill's claim, and we affirm the judgment of the trial court.

**I.**

¶2.    On October 11, 1974, Billy Dale Hill was tried and convicted of capital murder while engaged in the commission of the crime of rape and was sentenced to death.  ***Hill v. State ("Hill I")***, 339 So. 2d 1382 (Miss. 1976).  This Court reversed his conviction, and on remand, Hill pled guilty to the separate crimes of murder and rape and was sentenced by the trial judge to two consecutive terms of life imprisonment.  ***Hill v. State ("Hill II")***, 388 So. 2d 143, 144 (Miss. 1980).

¶3.    In a 2011 order, this Court granted two post-conviction petitions filed by Hill.  First, the Court vacated his sentence of life in prison for the rape conviction and remanded the matter to the circuit court for resentencing "to a definite term reasonably expected to be less than life."  (Quoting ***Luckett v. State***, 582 So. 2d 428, 430 (Miss. 1991)).  Second, Hill was granted leave to proceed in the circuit court with a motion for DNA testing, and the trial court was directed to order the testing of existing biological evidence.

¶4.    Hill had requested DNA testing of all biological evidence, but the only evidence he specifically identified in his petition was a laboratory slide.  To demonstrate that this evidence existed, Hill attached to his petition an excerpt from the 1974 trial transcript, in which the pathologist who performed the autopsy, Dr. Van Philpot, testified that he had collected fluid from the deceased's vagina and had placed the sample on a laboratory slide.

2

Dr. Philpot said that, after viewing the sample under a microscope, he had determined that it contained sperm cells.

¶5.     After this Court granted his petitions, Hill timely filed his motion for DNA testing in the Calhoun County Circuit Court.  This motion was considered at an evidentiary hearing, along with his resentencing.  At the conclusion of the hearing, the court sentenced Hill  to forty-four years on the rape conviction, but found no available relief regarding his motion for DNA testing.  Based on the State's witnesses' testimony at the evidentiary hearing, and the record from his capital murder trial, the court found that "no DNA evidence exists to be tested that the Petitioner requests to be tested."  As with his petition to this Court, Hill initially had requested that the circuit court order the testing of all biological evidence; but the only item at issue during the evidentiary hearing was the laboratory slide referenced by Dr. Philpot.[1]

**II.**

¶6.     In the case before us, Hill does not challenge his sentence and has limited his appeal to the trial court's ruling regarding his motion for DNA testing.  The issues raised present questions of fact and questions of law.  When reviewing a trial court's judgment on a petition for post-conviction relief, issues of law are reviewed *de novo*, but we will not reverse factual findings unless the trial court's assessment of the facts was "clearly erroneous."  **Presley v.**

---

[1]The circuit clerk's office had retained the murder weapon (a knife), but Hill declined the trial court's offer to have it examined for testable biological evidence.

3

***State***, 48 So. 3d 526, 528-29 (Miss. 2010) (citing ***Brown v. State***, 731 So. 2d 595, 598 (Miss. 1999)).

¶7.    Hill argues that he was denied due process of law, claiming that the circuit court had destroyed the laboratory slide without giving him notice as required by Mississippi Code Section 99-49-1.  *See* Miss. Code Ann. § 99-49-1(3)(f)(ii)(1) (requiring that, prior to the destruction of biological evidence collected during the investigation or prosecution of a criminal matter, the State must give notice to the person(s) convicted of that crime).  While it is undisputed that the court destroyed some of the exhibits from his capital murder trial without giving the required notification, the trial judge found that the slide was not in the court's possession.  In his brief, Hill does not give any explanation for his assertion to the contrary, and he did not dispute this finding of fact in the proceedings below.

¶8.    The lower court examined the record from the 1974 trial, and the only exhibit from the trial related to Dr. Philpot's collecting "sperm cells" was a summary of his autopsy report. The laboratory slide was never received into evidence or marked for identification; and nothing in the transcript indicates whether the slide still was in existence at the time of trial.

¶9.    Calhoun County Circuit Clerk Deborah Dunn testified at the evidentiary hearing that she had never seen the laboratory slide referenced by Dr. Philpot during the various times she personally had handled the court file and the exhibits.  She also testified at length about the steps she took to document the contents of the court file.  According to Dunn, before any of the exhibits from Hill's capital murder trial were destroyed, she had taken a photograph of

4

everything. She testified that there were some empty envelopes marked with exhibit numbers, and that she either had kept the empty envelopes or had made photocopies of the outside.

¶10. Ample evidence established that the laboratory slide was not stored with the circuit court. Indeed, it would be unusual for a forensic pathologist to have deposited with the trial court any biological evidence collected during an autopsy. Because the laboratory slide was not in the court's custody, it could not have been destroyed along with the exhibits in 2010. We find no error in the trial court's reaching this conclusion, and Hill's bare assertion that the circuit clerk destroyed the slide simply cannot establish that this factual finding by the circuit court was "clearly erroneous." *Presley*, 48 So. 3d at 528-29.

## III.

¶11. While we find that Hill is not entitled to any relief on appeal, we do call attention to the DNA Preservation Act and the duties thereunder. 2009 Miss. Laws, Ch. 339 (effective March 16, 2009) (creating Miss Code Ann. § 99-49-1 (Supp. 2012) and amending Miss. Code Ann. §§ 99-39-5 to 99-39-11, 99-39-23 (Supp. 2012)). No published decision from this Court applies or interprets the provisions of Mississippi Code Section 99-49-1, but this statute mandates detailed procedures for the preservation, destruction, and accessibility of biological evidence connected with a crime.

¶12. The legislature made its purpose clear in subsection (1), declaring that "simple but crucial enhancements to protocols for properly preserving biological evidence can solve old crimes, enhance public safety, and settle claims of innocence." Miss. Code Ann. § 99-49-

5

1(1)(f). Thus, biological evidence in possession of the State must be preserved if it was secured "in relation to an investigation or prosecution of a crime." Miss. Code Ann. § 99-49-1(3)(a)(i)-(ii).[2] Such evidence must be retained "for the period of time that the crime remains unsolved" or "for the period of time that the person convicted of that crime remains in custody." *Id*. The evidence may be destroyed prior to the expiration of these time periods if no other law requires preservation of the evidence, if proper notification is given to all listed individuals and entities, and if there is no written request for retention or testing made within sixty days of receiving notice. Miss. Code Ann. § 99-49-1(3)(f)-(g).[3]

---

[2]In cases involving murder, manslaughter or felony sexual assault, *all* evidence must be preserved if it was within the State's possession on July 1, 2009. Miss. Code Ann. § 99-49-1(4) (Supp. 2012).

[3] Prior notification must be given to:

1. All persons who remain in custody as a result of the criminal conviction, delinquency adjudication, or commitment related to evidence in question;

2. The attorney of record for each person in custody;

3. The Mississippi Office of Indigent Appeals;

4. The district attorney in the county of conviction; and

5. The Mississippi Attorney General.

Miss. Code Ann. § 99-49-1(3)(f)(ii) (Supp. 2012). In Hill's case, the order authorizing the destruction of all exhibits tracked the language of Mississippi Code Section 13-1-155 (Rev. 2002), which governs the destruction of exhibits in civil cases. Section 13-1-155 requires that prior notice be given to "the attorneys for all parties to the action and the owner or person having custody of the property prior to the court action." At the evidentiary hearing, the circuit clerk testified that no one, including Hill, was notified that the exhibits would be destroyed.

¶13.    In addition to preserving evidence, the statute requires that "[u]pon written request by the defendant, the state shall prepare an inventory of biological evidence that has been preserved in connection with the defendant's criminal case." Miss. Code Ann. § 99-49-1(3)(e) (Supp. 2012). As a related duty, if the State is asked to produce evidence which cannot be located, "the chief evidence custodian assigned to the entity charged with the preservation of said evidence shall provide an affidavit in which the custodian stipulates, under penalty of perjury, an accurate description of the efforts taken to locate that evidence and that the evidence could not be located." Miss. Code Ann. § 99-49-1(3)(i).

¶14.    Notably, this statute imposes various obligations on a wide range of State agencies, officials, and others. The term *State* is defined as:

> any governmental or public entity within Mississippi, including all private entities that perform such functions, and its officials or employees, including, but not limited to, law enforcement agencies, prosecutors' offices, courts, public hospitals, crime laboratories, and any other entity or individual charged with the collection, storage or retrieval of biological evidence.

Miss. Code Ann. § 99-49-1(2)(e) (Supp. 2012). It behooves all persons and entities falling under this listing to familiarize themselves with the DNA Preservation Act, paying close attention to their respective obligations. For example, safeguards and preventive measures designed to ensure compliance with this statute should be implemented, if they are not currently in place. Vigilance is essential, given that the consequences for noncompliance are in the hands of the courts, to which the legislature has given broad authority. As noted in the first paragraph of this opinion, subsection (5) provides, "[i]f the court finds that biological evidence was destroyed in violation of the provisions of this section, it may impose

appropriate sanctions and order appropriate remedies," and what may be "appropriate" in each case is left to the court's discretion. Miss. Code Ann. § 99-49-1(5) (Supp. 2012).

## Conclusion

¶15.    Hill's appeal is based on an unsupported assertion that a specific item containing potentially testable biological evidence was destroyed by the circuit court without proper notice. The exhibits and testimony from the evidentiary hearing, which included the record from his 1974 capital murder trial, support the trial court's finding that the circuit clerk did not have possession of this evidence when the circuit court ordered the disposal of the exhibits. Moreover, there is no evidence that the circuit court *ever* had possession of the item in question. Accordingly, we find no available relief and affirm the judgment of the trial court.

¶16.    **AFFIRMED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**