378 So.2d 635 (1979)
Carlton USRY and Bobby Barrett
v.
STATE of Mississippi.
No. 51427.
Supreme Court of Mississippi.
December 19, 1979.
*636 Jerry L. Bustin, Forest, for appellant.
A.F. Summer, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
In the Circuit Court of Scott County, Mississippi, Carlton Usry and Bobby Barrett were jointly indicted and jointly tried for and convicted of the crime of burglary of a business on an indictment that also charged that both were habitual criminals pursuant to Mississippi Code Annotated section 99-19-81 (Supp. 1978). Barrett was sentenced as a habitual criminal to serve a term of seven years imprisonment without benefit of suspension or parole. However, Usry was found by the trial court not to be a habitual criminal and was sentenced to a term of seven years imprisonment.
On the night of August 18, 1978, Carlton Usry, Bobby Barrett and Henry Elmore, after consuming beer at Robert's Drop In, a local beer tavern in Forest, Mississippi, proceeded to Lake, Mississippi, in Elmore's van. There, according to the testimony of Elmore, they pulled over in front of a small quick stop store; whereupon Bobby Barrett allegedly broke out the window of the Handi Mart and Barrett and Usry proceeded to enter. Immediately, Usry came out with the cash register and put it in the van. About that time, they observed an approaching policeman, Usry put the cash register back inside the store and sped away with Henry Elmore in the van, leaving Bobby Barrett behind in the store.
Upon an investigation at the scene the next morning, the officers reported that no property was taken, but observed a spot of blood on the floor near the ice cooler. The officers testified that Henry Elmore, the owner of the van, told them about the alleged burglary which prompted the arrest of appellants.
On October 5, 1978, before arraignment, the court-appointed attorney moved for a severance and the court denied same. Thereafter on October 9, 1978, a demurrer to the indictment was overruled. On October 12, 1978, appellants were tried and convicted. Subsequently, this appeal was taken.

I.
The appellants first assign as error that the trial judge abused his discretion in overruling the motion for a severance.
Mississippi Code Annotated section 99-15-47 (1972) states as follows:
Any of several persons jointly indicted for a felony may be tried separately on making application therefor before the order for a special venire in capital cases and before arraignment in other cases. (Emphasis added).
The original record in this cause does not show that either appellant requested a severance. However, attached to the front cover of the record is a letter from the circuit clerk of Scott County, Mississippi, and a copy of a purported order overruling the motion for severance dated March 21, 1978, and filed March 26, 1979, in the Circuit Court of Scott County, Mississippi. The order reflects that the motion ore tenus for a severance came on this day (March 21, 1979). The letter, dated March 26, 1979, from the circuit clerk indicates that the "order" was omitted in the transcript in this cause. The transcript of the court reporter's notes for the Eighth District was filed in the Circuit Court of Scott County on January 13, 1979, and was filed in this Court on February 21, 1979. Trial in this cause was held October 11 and 12, 1978.
*637 Assuming arguendo that the order is properly a part of the record, appellants' contention still has no merit.
The order reflects that the motion was made "This Day", which was March 21, 1979. This was over four months after trial and one month after the trial record was filed in this Court. This was patently untimely, Mississippi Code Annotated section 99-15-47 (1972), and appellants may not now complain.
We would observe, however, that in cases involving multiple defendants, where one or more is charged as a habitual offender, a severance would ordinarily be preferred.

II.
Next, appellants argue that the indictment was defective because it failed to set forth the jurisdictions in which previous convictions were obtained and was therefore defective in its attempt to charge the defendants as habitual offenders and that their demurrer should have been sustained.
Appellant Usry was specifically found by the trial judge not to be a habitual offender under Mississippi Code Annotated section 99-19-81 (Supp. 1978) and was not sentenced as such. However, appellant Barrett was sentenced under Mississippi Code Annotated section 99-19-81 as a habitual offender without benefit of suspension, reduction, probation or parole.
The indictment charged, "... the said Bobby G. Barrett being a habitual criminal pursuant to Mississippi Code Annotated section 99-19-81 by virtue of having been convicted in March 1978 for burglary, June 1961 for uttering a forgery and June 1973 for burglary... ."
Mississippi Code Annotated section 99-19-81 (Supp. 1978), the habitual criminal statute, states as follows:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
As to the appellant Barrett, the state agrees that the indictment, in its effort to charge that Barrett was a habitual offender, was defective in failing to allege the jurisdiction of the previous convictions as required by Lay v. State, 310 So.2d 908 (Miss. 1975).
In Lay, supra, this Court, in construing Mississippi Code Annotated section 41-29-147 (Supp. 1974), a statute authorizing enhanced punishment for second or subsequent offenses, held the following:
The matter of enhanced punishment is dealt with in other ways by some courts, but we have consistently followed the procedure of trying a defendant on both the principal charge and previous convictions in a single stage proceeding.
In Watson v. State, [291 So.2d 741 (Miss. 1974)] supra, we held that when a previous conviction for a felony under the laws of this state, any other state, or of the United States is used to enhance the punishment of one convicted for the unlawful possession of a deadly weapon, the indictment must allege with particularity the state or federal jurisdiction of the previous felony conviction, the date of judgment and the nature or description of the offense constituting the previous felony. These principles are applicable to the case at bar since previous convictions of the defendant were used to enhance his punishment.
The language of the indictment in this case did not supply the particularity required in Watson. The indictment failed to set forth the jurisdiction in which the previous convictions were obtained and the nature or description of the offenses constituting the previous convictions. These defects in the indictment were not waived even though Lay failed to demur *638 to the indictment before trial. Watson, supra. The trial court erred when it inflicted enhanced punishment on Lay as a second offender under Mississippi Code Annotated section 41-29-147 (Supp. 1974) because the indictment was defective in its attempt to charge Lay with previous convictions; therefore, the sentence imposed was in excess of that permitted to be inflicted on a first offender under section 41-29-139(c)(1). However, the indictment was sufficient on the principal charge that Lay unlawfully and feloniously sold heroin, a controlled substance. (310 So.2d at 910-911).
The requirements of Lay were not met and the indictment was fatally defective in its attempt to charge the defendants as habitual offenders and their demurrer to that charge should have been sustained. However, the question is now moot as to the appellant Usry since the trial court found that he is not a habitual offender and acquitted him on that charge.
Further, Usry was not prejudiced in any way by the charge, because no evidence of his or Barrett's prior convictions were introduced into evidence by the state during their trial on the charge of burglary since they did not take the stand. We would note here that the trial court conducted the trial in two stages. The defendants were first tried before a jury on the principal charge of burglary. After a verdict was returned by the jury finding the defendants guilty of burglary, the court conducted a hearing without a jury, after overruling defendant's motion for a jury trial, with reference to the defendants' prior convictions and whether enhanced punishment was mandated under Mississippi Code Annotated section 99-19-81[1] (Supp. 1978). As stated earlier, the court found Usry not to be a habitual offender but found Barrett guilty as a habitual offender and so sentenced him.
In Lay v. State, we said:
The matter of enhanced punishment is dealt with in other ways by some courts, but we have consistently followed the procedure of trying a defendant on both the principal charge and previous convictions in a single stage proceeding.
However, we would bring to the attention of the Bench and Bar of this State that under the authority of Newell v. State, 308 So.2d 71 (Miss. 1975), we adopted the Mississippi Uniform Criminal Rules of Circuit Court Practice on August 10, 1979, which includes Rule 6.04, entitled "Procedure for Proof of Prior Convictions under the Habitual Criminal Statute", and which now supersedes the holding in Lay, supra. Rule 6.04 provides as follows:
In cases involving enhanced punishment for subsequent offenses under the Habitual Criminal Statute [Miss. Code Ann. § 99-19-83 (Supp. 1976)]:
(1) The indictment must include both the principal charge and a charge of previous convictions. The indictment must allege with particularity the nature or description of the offense constituting the previous felonies, the state or federal jurisdiction of previous conviction, and the date of judgment.
The indictment shall not be read to the jury.
(2) Separate trials shall be held on the principal charge and on the charge of previous convictions. In the trial on the principal charge, the previous convictions will not be mentioned by the state or the court except for impeachment purposes.
(3) If the defendant is convicted on the principal charge, a hearing before the court will then be conducted on the previous convictions.
*639 All cases tried in the future involving section 99-19-81, the habitual offenders statute, should be tried pursuant to Rule 6.04 of the Mississippi Uniform Criminal Rules of Circuit Court Practice (1972).
Since, as we stated earlier, the indictment was not sufficient to charge Barrett as a habitual offender, the question arises as to whether the case should be remanded for resentencing only as to Barrett or whether Barrett should be held to await further action of the grand jury and retried on both charges. A similar question was addressed in Lay, where we said:
On the scope of remand the question arises as to whether the case should be remanded for resentencing only or whether Lay should be held to await further action of the grand jury. In reviewing our cases involving somewhat similar problems we find no established pattern, nor can these cases be reconciled. Since the indictment was sufficient on the primary charge of selling heroin and no demurrer to the indictment was filed, we are of the opinion that the ends of justice will be best served by remanding the case solely for resentencing as a first offender under Mississippi Code Annotated section 41-29-139(c)(1) (Supp. 1974). This procedure relieves Lay from enhanced punishment and obviates the necessity of his former conviction being ratified by another jury.
In the case sub judice, a demurrer was interposed to that part of the indictment against Barrett charging him as a habitual offender, but was overruled by the court. The demurrer should have been sustained as to that charge as we stated earlier. However, the indictment was good as to the primary charge of burglary and, as it happened, only that issue was presented to the jury, with the court considering the evidence as to prior convictions in a separate hearing without a jury.
With the case in this posture, and the defendant having suffered no prejudice, we are of the opinion, as we were in Lay, that since the indictment was sufficient on the primary charge of burglary that the ends of justice will best be served by remanding the case solely for resentencing as other than a habitual offender. Upon remand, the court is under no mandate to impose the maximum sentence as required under section 99-19-81. This procedure relieves Barrett from the enhanced punishment and obviates the necessity of his conviction of burglary being considered by another jury.
Appellants' third and remaining assignment of error that, "the trial court erred in failing to sustain their demurrer to the indictment for failure to attach an affidavit thereto sworn and subscribed as required by Mississippi Code Annotated section 99-7-9 (Supp. 1978), is controlled by Jackson v. State, 377 So.2d 1060 (1979).
The conviction and sentence of Usry are affirmed. The conviction of Barrett of burglary is affirmed, but his sentence as a habitual offender is reversed and vacated, and case remanded to the lower court as to Barrett for resentencing as other than a habitual criminal.
CONVICTION AND SENTENCE OF USRY ARE AFFIRMED; CONVICTION OF BARRETT OF BURGLARY AFFIRMED, BUT SENTENCE AS A HABITUAL OFFENDER REVERSED AND VACATED, AND CASE REMANDED TO LOWER COURT FOR RESENTENCING OTHER THAN AS A HABITUAL CRIMINAL.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, BOWLING AND COFER, JJ., concur.
LEE, J., took no part.
NOTES
[1] The wording of section 99-19-81 (Supp. 1978) leaves little doubt as to the intent of the legislature. It means precisely what it says. If a defendant is indicted and convicted of a primary crime, and in the same indictment is charged under this statute and found guilty, the trial court is mandated to impose upon such defendant the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation. The statute makes it clear that if such defendant is sentenced to seven years in the penitentiary, that he must serve the full seven years and no less.