389 So.2d 1384 (1980)
Jack GRAY
v.
STATE of Mississippi.
No. 52196.
Supreme Court of Mississippi.
November 12, 1980.
*1385 Harry L. Kelley, Jackson, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and WALKER and BROOM, JJ.
WALKER, Justice, for the Court:
Jack Gray was convicted in the Circuit Court of the First Judicial District of Hinds County of aggravated assault, and received a sentence of ten years in the penitentiary, five years suspended on supervised probation.
Taking as true the testimony most favorable to the State's case, there was sufficient evidence to support the jury's verdict. The victim of the assault, Deb Lee Riley, Jr., testified that he was sitting at a table at a local bar, the Recovery Room, when Gray walked towards his table with a pistol in his belt. Immediately prior to this, Gray had exchanged some unpleasant words with the four men at the table. As Gray approached the table, one of the four men stood up and grabbed his T-shirt. Gray stepped back and pulled out the pistol, firing two shots in the general direction of the men at the table. The victim's three friends immediately dove for cover, and were fortunate to escape without any injuries. Riley, however, approached Gray and asked him to give up the gun. After a short conversation Gray struck Riley on the head with the pistol, knocking Riley to the floor. Riley testified that when he looked up he saw Gray standing over him with the pistol aimed directly at his stomach, and that he heard the pistol click.
Although Gray denied that he pointed the pistol at Riley, and other witnesses testified they did not see Gray standing over Riley with the pistol, Riley's testimony presented a question for the jury to resolve. It should be noted here also that Riley sustained no serious bodily injury, but only a small cut behind the ear which required no medical attention.
Of the errors assigned, only one merits comment. Gray complaints about the granting of the following instruction:
The Court instructs the Jury that if you believe from the evidence in this case, beyond a reasonable doubt that the Defendant, Jack Gray, on April 5, 1979, did attempt to cause or purposely, recklessly or knowingly caused serious bodily injury to Deb Lee Riley, Jr., a human being, under circumstances manifesting extreme indifference to the value of human life, then Jack Gray is guilty of Aggravated Assault... .
This instruction tracks the language of the statute on aggravated assault, Mississippi Code Annotated section 97-3-7 (Supp. 1979), which reads, in part, as follows:
A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life... .
In his brief the defendant makes the following argument:
Counsel has diligently research (sic) the law and can find no incident in which a Court has given an instruction that predicates the guilt of the defendant upon him committing a crime purposely [or] knowingly and at the [same] time doing it recklessly, which must mean culpable negligence.
Neither the State nor the defendant has cited any controlling authority concerning this proposition, either in their briefs or on oral argument. However, given the facts in this record, we need not answer the question raised by the appellant.
There is no evidence in this record that Gray caused any serious bodily injury to Riley, either purposely, recklessly or knowingly. The State's case rested upon proof that Gray attempted to cause such injury under circumstances manifesting extreme *1386 indifference to the value of human life. The words "purposely, recklessly or knowingly" in the instruction and the statute can only apply in an instance where the defendant has, in fact, caused serious bodily injury to the victim. An attempt, on the other hand, implies that there was an intent to cause serious bodily injury, and requires some overt act which goes beyond the mere preparation or planning. Smith v. State, 279 So.2d 652 (Miss. 1973).
Since there was no evidence on which the jury could find that Gray did cause serious bodily injury to Riley, either intentionally or recklessly, the jury's finding that Gray committed an aggravated assault is necessarily a finding that Gray attempted to cause serious bodily injury to Riley, and that the manner in which he did so manifested extreme indifference to the value of human life. It is clear that the inclusion in the instruction of the words "were purposely, recklessly or knowingly caused," if error, was harmless error.
There being no prejudicial error, the conviction and sentence are affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.