395 So.2d 957 (1981)
George WILSON
v.
STATE of Mississippi.
No. 52408.
Supreme Court of Mississippi.
March 4, 1981.
Rehearing Denied April 1, 1981.
*958 Jon M. Barnwell, Greenwood, for appellant.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and BROOM and HAWKINS, JJ.
BROOM, Justice, for the Court:
Aggravated assault upon a law enforcement officer pursuant to Mississippi Code Annotated § 97-3-7(2) (Supp. 1980) is the offense for which the defendant George Wilson was convicted in the Circuit Court of Leflore County. Pursuant to Mississippi Code Annotated § 99-19-83 (Supp. 1980), he was mandatorily sentenced to life imprisonment, and on his appeal argues that (1) the state failed to prove assault as a matter of law, (2) the evidence was insufficient, and (3) he was unconstitutionally denied a jury trial on the issue of his two prior felony convictions. We affirm.
The facts upon which the indictment and conviction rested relate to an altercation in Greenwood, Mississippi, on February 4, 1980, at a cafe where the defendant hit one Boyd with a rifle. After the defendant left the cafe, Boyd called the police. Two officers came and talked with Boyd about making formal charges against the defendant who then emerged from his residence across the street from the cafe. At that point the defendant stated that he would kill Boyd if Boyd made out papers against him. When Boyd made it clear that he was going to file charges, the defendant re-entered his house and came back with a rifle in his hand which he aimed at Officer Stanciel and pulled the trigger. Fortunately, the gun did not fire. The defendant denied pointing the gun at anyone but said that he got the gun out because one Joe Wade cursed and threatened him. Other facts will be stated as appropriate in this opinion.
First argument made is that the state failed to prove an assault as a matter of law. This argument is based in the main upon the thesis that the evidence showed that the rifle used by the defendant was inoperable and would not fire. On this basis he says that even if it were true that he pointed the gun at the officer, there cannot be any assault because the gun was inoperable.
As to this aspect of the case, Officer Keys testified:

*959 After we was talking to Mr. Boyd, Mr. Wilson (appellant) told Mr. Boyd for him to go down town and press charges. If he wanted to, he was going to kill him. Mr. Boyd said, "o.k., that was what he was going to do." "Baby George" (appellant) turned  Officer Stanciel and me started walking back to the car to get in the car  and so, he turned and run into the house 
* * * * * *
Mr. Wilson (appellant) there  "Baby George"  he turned and run into the house. Well, at that point I come around the front of the car to go on the other side. When I looked around again, I seen Mr. Wilson (appellant)  "Baby George" come to the door; had a rifle in his hand; pointed it at Officer Stanciel and it clicked. At the time it clicked, I was ducking  at the same time. I was ducking. When I saw the rifle, I started going down and I heard it click. When I heard the rifle click, Stanciel opened  he already had the car door open, he ducked. When he pulled the shotgun out of the car, he run around the back of the car and I went around the front of the car. He went into the house and I went around behind the house.
Officer Stanciel also testified that "... he (appellant) came back out with a rifle and pointed it at me and pulled the trigger." Stanciel's testimony was also supported by Joe Wade's testimony.
We have previously held that in order for there to be a basis of a criminal charge, it is not necessary that the gun either be loaded or operable. As stated in Macon v. State, 295 So.2d 742, 745 (Miss. 1974), "The gun was a deadly weapon even though it was not loaded." Accordingly, there is no merit to this argument. See also Gray v. State, 389 So.2d 1384 (Miss. 1980).
Next proposition argued is that the evidence was insufficient to sustain the verdict. This is without merit.
Most serious is the argument that the defendant had a constitutional right to a jury trial on the issue of whether he was an habitual criminal for having had two prior felony convictions. When the state rested its case as to the assault on the law officer, the court stated that the jury would not be permitted to hear anything regarding the two prior felony convictions. After a guilty verdict, the court would then hear evidence and make the determination as to enhanced punishment under §§ 97-3-7(2) and 99-19-83, supra. The former code section defines the crime of aggravated assault upon a law officer. The latter section provides for a sentence of life imprisonment if one has been convicted of having two prior felony convictions, one of which is a crime of violence for which such person served one year in a penal institution. Accordingly, under those circumstances the defendant would be sentenced to life imprisonment without suspension or reduction of sentence. Pertinent here is Rule 6.04 of the Uniform Criminal Rules of Circuit Court Practice adopted by this Court on August 15, 1979, which provides:
In cases involving enhanced punishment for subsequent offenses under the Habitual Criminal Statute, Miss. Code Ann. § 99-19-83 (Supp. 1978):
(1) The indictment must include both the principal charge and a charge of previous convictions. The indictment must allege with particularity the nature or description of the offense constituting the previous felonies, the state or federal jurisdiction of previous conviction, and the date of judgment.
The indictment shall not be read to the jury.
(2) Separate trials shall be held on the principal charge and on the charge of previous convictions. In the trial on the principal charge, the previous conviction will not be mentioned by the state or the court except for impeachment purposes.
(3) If the defendant is convicted on the principal charge, a hearing before the court will then be conducted on the previous convictions. (Emphasis added).
The trial court construed Rule 6.04, supra, to mean that the "trial judge" (without a *960 jury) should make the determination of whether the defendant was guilty of being an habitual offender. According to the defendant, a jury should determine whether he had been previously convicted under § 99-19-83, supra.
Mississippi Code Annotated § 99-19-83 (Supp. 1980) is as follows:
§ 99-19-83. Sentencing of habitual criminals to life imprisonment.
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
This precise question has not been decided by this Court in a case where the issue was squarely presented. Lay v. State, 310 So.2d 908, 910 (Miss. 1975) discussed the trend of our cases dealing with enhanced punishment but is factually distinguishable from the present case. Without deciding the issue now before us, this Court stated in Jackson v. State, 381 So.2d 1040, 1042 (Miss. 1980) that the "trial court held a distinct hearing following the jury's guilty verdict" on the primary charge there involved, and at the separate hearing determination was made of the defendant's status as an habitual offender for sentencing purposes. Jackson is not controlling because in it the issue of jury trial on the habitual offender aspect was not raised or argued.
Various aspects of the question of a jury trial in situations like that presented here were considered by the United States Supreme Court in Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). Spencer clearly leaves it up to the states to decide whether or not an accused must be accorded a jury trial in cases like the present one. Our conclusion is that Rule 6.04, supra, and § 99-19-83, supra, both contemplate that the court (in the second phase of the trial) without a jury should hear evidence and make a determination of whether the defendant has been previously convicted under § 99-19-83. At this second phase hearing, the burden rests upon the State of Mississippi to prove the previous convictions and prove them beyond a reasonable doubt.
Our decision here was foreshadowed by Usry v. State, 378 So.2d 635 (Miss. 1979), wherein we noted with approval that in the lower court on the principal or substantive charge of burglary, Usry was given a jury trial after which (without a jury) the court tried the issue of Usry's prior convictions.[1]
The substantive charge here was aggravated assault upon a law officer under § 97-3-7(2) as charged in the indictment which appropriately advised the defendant Wilson that if he were convicted of the primary charge he was subject to being sentenced as an habitual offender under § 99-19-83. Eutsey v. State, 383 So.2d 219 (Fla. 1980) was very similar to the present case, and we commend it as quite instructive on the present issue. Of course, at the second stage of the trial when the habitual criminal issue is tried the defendant must be afforded ample opportunity to dispute the truth of the assertion made by the state that he is an habitual offender. The defendant must be accorded his right to be confronted with witnesses and cross examine them when appropriate in the conduct of the second stage of the trial. Of course at that time he will have his usual right to secure the presence of witnesses by process of the court. In consideration of § 99-19-83, supra, as to whether a jury should decide the issue of prior convictions, significant to us is the language of the title to that particular statute. The title reads, "Sentencing of habitual criminals to life *961 imprisonment," indicating legislative intent was negative as to a jury trial in applying the statute. Sentencing is ordinarily a function of the judge and under § 99-19-83, the "life imprisonment" sentence was mandatory after the prior convictions were extablished. State v. Guidry, 169 La. 215, 124 So. 832 (1929). The statute (§ 99-19-83) did not make it a crime for Wilson to be a multiple offenderbut simply provided a greater penalty because he was in a category of persons which the legislature required to be given a certain severe penalty. State v. Vale, 252 La. 1056, 215 So.2d 811 (1968).
The primary charge of aggravated assault against a law officer was properly tried by the jury, and we do not think it was necessary that the issue of prior convictions be submitted to the jury. We find no reversible error in the record, and therefore affirmance is required.
This case was considered by a conference of the judges sitting en banc.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P., JJ., and SUGG, WALKER and LEE, JJ., concur.
HAWKINS and BOWLING, JJ., dissent.
HAWKINS, Justice, dissenting:
I respectfully dissent from the majority opinion, in its affirmance of the conviction of the defendant as a habitual criminal in the absence of a jury trial on the issue.
The section upon which the defendant was convicted as a habitual criminal is part of Chapter 470, General Laws of 1976.
Section 1 (now codified into 99-19-81 of the Code) reads as follows:
"Section 1. Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation."
This section simply states to a judge that after a person has been convicted of a felony, if it develops he has been previously convicted of felonies two times, the trial judge must give him the maximum sentence for the felony under which he is convicted, a sentence the judge would be empowered to give, though not mandated to do so, in any event.[1]
Section 2 (now codified into 99-19-83 of the Code) reads as follows:
"Section 2. Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation."
A comparison of these two sections reveals a drastically different mandate is imposed upon the trial judge in each. In the former the trial judge upon conviction of the current offense with which the defendant is charged, upon a showing of two previous convictions for felonies, must impose the maximum penalty under the statute for which the accused is being tried. The judge is already authorized to impose such sentence in any event.
*962 In the latter section, the trial judge has the somber unalterable duty upon proof of two previous felony convictions, with one involving a crime of violence, to sentence the defendant to life imprisonment, with the sentence never being reduced or suspended, and the defendant never eligible for parole or probation.
The indictment in this case charged the defendant with aggravated assault, Section 97-3-7(2), carrying a maximum penalty of 30 years, and also with being a habitual criminal under Section 99-19-83.[2]
Following the procedure set forth by Section 6.04 of the Uniform Criminal Circuit Court Rules, the trial was conducted in two stages. The current offense of aggravated assault (Section 97-3-7(2)) for which the defendant was charged was tried before a jury, which found him guilty. I fully concur the verdict and judgment of conviction of this crime should be affirmed.
There remained before the circuit court the issues of fact to meet the requirements of Section 99-19-83, namely:
(1) whether the accused had been convicted twice previously of any felony, upon charges separately brought and arising out of separate incidents, at different times; and
(2) had been sentenced to and served separate terms of one (1) year or more in any state or federal penal institution, and that one of such felonies was a crime of violence.
If he were found guilty under these statutory requirements, it became the duty of the trial judge to sentence him to life imprisonment, and such sentence cannot be reduced or suspended, and the defendant will never be eligible for parole or probation.
On this second issue the defendant through his counsel demanded a trial by jury. The circuit judge, acting under the provisions of Section 6.04 of the Uniform Criminal Circuit Court Rules, heretofore adopted by this Court, ruled the hearing should be conducted by the court and not a jury. He did require the proof of the issues of habitual criminal to be proved beyond a reasonable doubt and to a moral certainty. Following proof, the circuit judge found the defendant guilty under Section 99-19-83, and imposed the sentence he was required by law to impose. I believe the defendant was entitled to a trial by jury to determine such guilt.
This Court with this opinion has ruled the defendant in such a case is not entitled to a trial by jury in determining the facts of whether he is in truth and in fact a habitual criminal under the provisions of Section 99-19-83. In this case it is manifest the trial court conducted a fair and impartial hearing on the issues of fact under Section 99-19-83, and had the accused been afforded a jury to hear these same facts, I have little doubt the result would have been the same.
*963 That, however, is not the point. It is my respectful opinion that the defendant was entitled to a trial by a jury, and not simply by the judge, on the issues of fact of whether or not he was a habitual criminal under this section.[3] I must therefore in profound deference to my Associates respectfully dissent from the majority opinion.
Upon the second state of facts which had to be proved, the accused was not getting the same sentence for the crime with which he was charged, but the harshest form of penalty known to our law, short of the death penalty. Even convicted murderers are not locked in prison and the key thrown away.
Furthermore, upon conviction of being a habitual criminal the trial court had no leeway, no discretion whatever. The sentence had to follow the conviction.
To argue this second stage of the proceedings was only dealing with enhanced punishment might make better reasoning if the trial judge already had the power to impose such a sentence upon conviction of the current offense with which the defendant was charged. But, this statute imposes an additional, and as stated, the most severe penalty known to our law, short of the death penalty.
Nor am I persuaded by any argument that the second stage dealt primarily with records, or with issues of fact which could more efficiently be heard and conducted by a judge rather than a jury. Neither the complexity nor the simplicity of any factual issue involved has ever been a criterion for a citizen's right to trial by jury.
If the factual elements of a criminal statute are required to be proved in open court before a judge is authorized to pass the sentence provided by that statute, it is elemental an accused is entitled to a jury to determine whether such facts are proved by the State. There is nothing about this statute which indicates to me the Legislature intended otherwise, and it is a rule heretofore adopted and approved by this Court which authorized the procedure followed by the trial judge. Yet even if the statute specifically so authorized such proceedings, it would be unconstitutional in my opinion. In any criminal case charging a felony the defendant has the right for a jury to decide whether or not the necessary facts are proved.
I concede an array of what might ordinarily be considered respectable authority from other states and even the Federal judiciary support the rationale of the majority opinion for reasons as above stated.[4] These authorities (albeit uncomfortably on occasion) sanction a hearing before the trial judge, and in some jurisdictions on simply a preponderance of the evidence permit an extended sentence beyond the statutory maximum penalty of the current crime for which the defendant has been tried and convicted. My bemused examination of such reasoning leads me to conclude that if the statute authorized the death penalty for a habitual offender, under this logic the trial judge after a hearing, upon a preponderance of the evidence, could sentence the defendant to be hanged. This would reduce a lot of governmental expense, and I am not so sure but it would be almost as humane as putting a prisoner behind bars with no hope of freedom this side of death.
All such authorities to the contrary notwithstanding, my own is much simpler and much closer at hand: our Mississippi Constitution, which reads: the right to trial by jury shall remain inviolate.
This Court is the highest Court in the United States in determining what our State's Constitution means. Here our right is absolute, and our responsibility non-delegable. We are the Court of last resort on *964 this question, and are required to look nowhere else.
To this humble author, who happens at this time to be a member of this Court, at least to me it is too clear for argument the defendant's right to trial by jury was violated. Our Constitution states as clearly as it can be stated that every citizen is entitled to a trial, and a trial by jury. The defendant had a trial, but no trial by jury.
The judge after conducting a trial on the factual issue of the defendant's being a habitual criminal pronounced in court that he found the defendant guilty beyond a reasonable doubt and to a moral certainty. No judge has a right on a serious criminal charge to deprive a defendant of the right to a jury to make such determination of guilt or innocence.
Surely, any doubt of whether a defendant should or should not be given a right to trial by jury must be resolved in favor of preserving the right. Heretofore this Court with the constancy of Polaris has respected this right.
This case represents a cross-roads in criminal procedure for our State. In taking one route, the right to trial by jury is maintained, strong and virile. By the other route we surely emasculate a sacred right which mankind has purchased over the centuries at a very dear price.
Such a choice presents no difficulty to me. I cannot support any law or legal reasoning, the effect of which is to tamper with the greatest bulwark of freedom granted a citizen.[5]
I would, therefore, reverse and remand this case for a trial by a jury solely on the question of whether the defendant is a habitual criminal under the provisions of the statute.
NOTES
[1] Usry's habitual offender status was pursuant to Code § 99-19-81, but the principle there discussed is analogous to that involved here under § 99-19-83.
[1] See: Usry v. State, 378 So. 635 (Miss. 1979) approving procedure under Section 99-19-81, but even under Section 99-19-81 intimating a jury was entitled to pass on the issue: see p. 639 of opinion.
[2] The pertinent portions of the indictment read as follows:
"INDICTMENT - FORM 15 AGGRAVATED ASSAULT UPON
 A LAW ENFORCEMENT OFFICER: HABITUAL CRIMINAL
 STATUTE
 97-3-7(2)
 99-19-83."

"THE GRAND JURORS of the State of Mississippi, . .. upon their oaths, present; That GEORGE WILSON, late of the County aforesaid, on the 14th day of February, 1980, in the County aforesaid, did unlawfully, feloniously, knowingly or purposely attempt to commit serious bodily injury to Austin Stanciel, a human being, by pointing a deadly weapon, to-wit, a rifle, at and toward said Austin Stanciel and attempting to fire said rifle by pulling the ammunition, said action being done by said George Wilson at a time when said Austin Stanciel was acting within the scope and duty of his office as a member of the Greenwood, Mississippi Police Department, such employment being well known to said George Wilson at the time of said incident, said George Wilson having been previously convicted in the Circuit Court of Leflore County, Mississippi of the crime of Burglary, a felony in cause number 18 516 on March 20, 1973 and sentenced to the Mississippi State Penitentiary for a term of three years and did serve one year or more therein, and having been convicted in this same Court of the crime of Aggravated Assault, a felony and a crime of violence, in Cause No. 18 758 on April 3, 1975, and sentenced to the Mississippi State Penitentiary for a term of four years sentence, against the peace and dignity of the State of Mississippi."
[3] Lay v. State, 310 So.2d 908 (Miss. 1975), cited in the majority opinion clearly shows this Court was then of the unanimous opinion the issue of previous conviction was for the jury. See pages 910, 914.
[4] Not, however, the U.S. Supreme Court, which as yet has not passed upon the precise question presented in this case. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed. 606 (1967), cited in the majority opinion does not squarely address this particular question on a statute such as ours.
[5] It is interesting in this particular case that at the conclusion of the trial of the second stage, the trial judge noted that he had been assistant district attorney when the two previous convictions had been secured, and therefore knew of his own personal knowledge the defendant was the same person who had been convicted of the previous felonies. Had the judge been a prospective juror, such knowledge would have disqualified him to serve as a juror on the case.