398 So.2d 1343 (1981)
Harold D. DIDDLEMEYER
v.
STATE of Mississippi.
No. 52594.
Supreme Court of Mississippi.
June 3, 1981.
*1344 Robert M. Acevedo, Biloxi, for appellant.
Bill Allain, Atty. Gen. by Marvin L. White, Jr. Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and SUGG and LEE, JJ.
LEE, Justice, for the Court:
Harold D. Diddlemeyer was indicted, tried and convicted in the Circuit Court of Harrison County, Honorable Ruble Griffin, presiding, on a charge of burglary as an habitual offender. He was found guilty by the jury and was sentenced to life imprisonment without parole or probation. He has appealed and assigns seven (7) errors in the trial below.
On March 8, 1979, appellant activated a silent alarm at Nacol's Jewelry Store in North Biloxi, while entering the building by prying open a section of the metal wall at the rear of the building and cutting through the interior wall. Officers of the Harrison County Sheriff's Department and the Biloxi Police Department converged on the scene and discovered appellant inside the building. He was ordered to come out at the point of entry and was arrested. The manager of the store had been notified and he arrived shortly thereafter. The appellant's person was searched, and a number of jewelry items were found in his pockets. They were identified by the manager as merchandise from the store.

I.
Was the appellant deprived of a speedy trial?
After his arrest on March 8, 1979, appellant was returned to the Mississippi State Penitentiary because of parole violation. The February Grand Jury had adjourned at the time and appellant was indicted in August, 1979. Due to a crowded court docket, appellant was not called for arraignment until February 15, 1980, at which time it was found that he had not been served with a copy of the indictment. Thereupon, he was presented with the indictment, and one week later, on February 22, 1980, he was arraigned in Cause # 2028.[1] The case was tried seventeen (17) days afterward on March 10, 1980.
Appellant argues the 270-day period under Mississippi Code Annotated Section 99-17-1 (Supp. 1980) runs from the date of the offense. His trial from date of arraignment was well within the 270-day period. We now consider whether or not appellant was prejudiced by the lapse of time from the date the crime was committed until trial. The question is governed by Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and Carlisle v. State, 393 So.2d 1312 (Miss. 1981). In Carlisle, we said:
"In Barker the United States Supreme Court announced a four part balancing test involving the following four factors:
1. Length of delay,
2. Reason for delay,
3. The defendant's assertion of his right,
4. Prejudice to the defendant.
The Supreme Court, in Barker, promulgated the balancing test because, `The right to a speedy trial is a more vague concept than other procedural rights. It is, for example, impossible to determine with precision when the right has been denied.' The balancing test set forth in Barker must be applied on a case by case basis under the particular facts of the case under consideration." 393 So.2d at 1314.
The delay in the trial resulted from the fact that the grand jury was not in session when the crime was committed and because *1345 of a crowded docket. It was not an unreasonable delay in trial, appellant has not shown prejudice, and we find no merit in this contention.

II.
Did the indictment fail to properly charge appellant under Indictment # 2028?
Appellant contends that the indictment in Cause # 2028 did not properly charge a violation of the habitual criminal statute. Mississippi Code Annotated Section 99-19-83 (1972) provides the following:
"Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation."
In Usry v. State, 378 So.2d 635 (Miss. 1979), the Court stated the procedure for indictments under the habitual criminal statute:
"However, we would bring to the attention of the Bench and Bar of this State that under the authority of Newell v. State, 308 So.2d 71 (Miss. 1975), we adopted the Mississippi Uniform Criminal Rules of Circuit Court Practice on August 10, 1979, which includes Rule 6.04, entitled `Procedure for Proof of Prior Convictions under the Habitual Criminal Statute', and which now supersedes the holding in Lay [v. State, 310 So.2d 908] supra. Rule 6.04 provides as follows:
`In cases involving enhanced punishment for subsequent offenses under the Habitual Criminal Statute [Miss. Code Ann. § 99-19-83 (Supp. 1976)]:
(1) The indictment must include both the principal charge and a charge of previous convictions. The indictment must allege with particularity the nature or description of the offense constituting the previous felonies, the state or federal jurisdiction of previous conviction, and the date of judgment.'" 378 So.2d at 638.
The parts of the indictment pertinent to this contention follow:
"[A]nd did then and there unlawfully, wilfully and feloniously take, steal and carry away certain personal property, to-wit: 1 calibra silver lighter, one calibra gold lighter, one seiko gold ladies wrist watch; one gold necklace with the name "Diane" engraved on said necklace; one 14 carat gold set of earrings and one box containing a repaired Opal, multiple opal ring, a better description being to your grand jurors unknown, of the personal property of the said Nacol's Jewelry Inc., a Mississippi Corporation,
and after he, the said Harold Diddlemeyer had previously been convicted heretofore of the crime of Murder being cause No. 13,878, said conviction having been had in the Harrison County Circuit Court and being sentenced on April 3, 1969 to serve a sentence of Life in the Mississippi State Penitentiary said conviction being reflected in Minute Book 35, page 109 of the Minutes of the Harrison County Circuit Court, First Judicial District, and did serve at least one year of said sentence, and after he, the said Harold Diddlemeyer had previously theretofore been convicted of the crime of Grand Larceny being cause No. 13,259, said conviction having been had in the Harrison County Circuit Court and being sentenced on March 6, 1967, to serve a sentence of two years in the Mississippi State Penitentiary, said sentence reflected in Minute Book 32, page 413 of the Minutes of the Harrison County Circuit Court, First Judicial District, and did serve at least one year of said sentence
and after he, the said Harold Diddlemeyer had previously theretofore been convicted of the crime of Jail Escape being cause No. 13,260, said conviction having *1346 been had in the Harrison County Circuit Court and being sentenced on March 6, 1967, to serve a sentence of two years in the Mississippi State Penitentiary, said Defendant to begin serving sentence on May 5, 1969, said sentence reflected in Minute Book 32, page 413, of the Minutes of the Harrison County Circuit Court, First Judicial District, and did serve at least one year of said sentence, ..."
We are of the opinion that, contrary to the contention of appellant, the indictment correctly charged a violation of the habitual criminal statute.

III.
Did the court err in finding that appellant served a separate term of one (1) year or more on a crime of violence?
The appellant admits that he served a year or more on two (2) of the previous convictions, but contends that the evidence does not indicate he served at least a year for murder, a crime of violence. However, the record reflects that he served the following time in the Mississippi State Penitentiary:

YEAR TIME SPENT
1966 276 days
1967 311 days
1968 0 days (escaped)
1969 271 days
1970 1 year
1971 1 year
1972 1 year
1973 1 year
1974 1 year
1975 1 year
1976 1 year
1977 356 days
1978 0 days (parole)
1979 284 days
1980 69 days
 __________
 TOTAL 11 years 127 days

The time served by appellant is three (3) years twenty-seven (27) days longer than that stated in his brief. Mr. B.C. Ruth, Custodian of the Records at the Mississippi State Penitentiary, testified concerning the time served as follows:
"Q. Now, are you, are you telling us that he had served the ones he was in Jail for, the two here and the death, uh, and the life sentence, which he received additional in 1969?
A. On, on these sentences, as I stated before, he came to Parchman in May of '66 with a four year sentence.
Q. Yes, sir.
A. All right. He, uh, accumulated other sentences after he received that sentence.
Q. Yes, sir.
A. All right. Now, in order to figure a discharge date, by law, we have to use those sentences, the accumulative sentence, as one, even though there are five or six of them, five or six separate charges that he is serving on.
Q. Right, sir.
A. Now, he has, he has served enough time, at this time, he has served enough time to complete all of those sentences and approximately a year and two or three months on his life sentence. Does that answer your question?"
The record reflects that appellant served the required time on his previous felony sentences and does not support the contention of appellant.

IV.
The appellant argues that he was deprived of the right to a hearing before a jury of his peers during the habitual offender phase of the trial. This question was decided adversely to appellant in the recent case of Wilson v. State, 395 So.2d 957 (Miss. 1981). He contends that Section 99-19-83, the habitual offender statute, violates his constitutional rights in that it inflicts cruel and unusual punishment upon him. Although the question was not raised in the trial court, and should not be considered here for the first time, it was decided against appellant's contention in Bell v. State, 355 So.2d 1106 (Miss. 1978); White v. State, 374 So.2d 843 (Miss. 1979), and Rummel *1347 v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).
We have considered the other assignments of error, and find that they are without merit.
For the reasons stated, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM and BOWLING, JJ., concur.
HAWKINS, J., dissents.
HAWKINS, Justice, dissenting:
For the reasons heretofore stated in the dissenting opinion in Wilson v. State, 395 So.2d 957 (Miss. 1981), I respectfully dissent to that portion of the opinion which denies to the accused the right of trial by jury to determine the factual issue of whether or not he is a habitual offender under Mississippi Code Annotated § 99-19-83 (1972).
NOTES
[1] Appellant was charged with burglary and three (3) previous felony convictions as an habitual offender.