403 So.2d 875 (1981)
Billy ARD
v.
STATE of Mississippi.
No. 52845.
Supreme Court of Mississippi.
September 23, 1981.
Billy Ard, pro se.
Bill Allain, Atty. Gen. by Karen Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and WALKER and LEE, JJ.
ROBERTSON, Presiding Justice, for the Court:
Billy Ard, pro se, an inmate of the Mississippi State Penitentiary at Parchman, appeals from the dismissal of his petition for writ of habeas corpus by the Circuit Court of Sunflower County.
Ard pled guilty in the Circuit Court of Madison County to the May 22, 1976, burglary of Canton Gulf Oil Bulk Plant, and was sentenced to serve three years with the State Department of Corrections, with two years suspended pending good behavior for five years, and one year to serve in the Madison County jail.
Ard was subsequently indicted in the Circuit Court of Madison County for business burglary on August 23, 1977. On June 9, 1978, Ard pled guilty to this offense, and his sentence was to serve a term of four years *876 in the custody of the State Department of Corrections and that "that sentence shall not be reduced or suspended nor shall you be eligible for parole or probation."
The suspension of his sentence for the 1976 burglary was then revoked and he was ordered to serve the three year sentence imposed for that offense, less the amount of time he had served in the Madison County jail.
On December 11, 1980, Ard filed a petition for writ of habeas corpus in the Circuit Court of Sunflower County, alleging his unlawful confinement on the ground that he had not been sentenced as a habitual criminal because the maximum penalty for business burglary, namely, 7 years, was not imposed.
MCA section 99-19-81 (Supp. 1980), provides:
"Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation."
The crime of business burglary carries a maximum sentence of 7 years. MCA § 97-17-33 (1972).
In a footnote to Usry v. State, 378 So.2d 635 (Miss. 1979), we find this language:
"The wording of section 99-19-81 (Supp. 1978) leaves little doubt as to the intent of the legislature. It means precisely what it says. If a defendant is indicted and convicted of a primary crime, and in the same indictment is charged under this statute and found guilty, the trial court is mandated to impose upon such defendant the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation." 378 So.2d at 638.
We also said in Usry:
In Watson v. State [291 So.2d 741 (Miss. 1974)] supra, we held that when a previous conviction for a felony under the laws of this state, any other state, or of the United States is used to enhance the punishment of one convicted for the unlawful possession of a deadly weapon, the indictment must allege with particularity the state or federal jurisdiction of the previous felony conviction, the date of judgment and the nature or description of the offense constituting the previous felony." 378 So.2d at 637.
The indictment in the case at bar for business burglary and as a habitual offender is defective in that, in charging the conviction of a second offense, in order to fit under section 99-19-81, the indictment merely recited: "[A]nd the said Billy Ard was convicted in the State of Mississippi, of another felony, same being Cause No. 218."
It is readily seen that the indictment does not meet the requirements of the statute as interpreted in Usry in that it does not state the court in which he was convicted, the date of the judgment, the nature or the description of the offense for which he was convicted, nor that he was sentenced to serve "one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, ..."
It is clear to this Court that Ard was not sentenced by the Circuit Court of Madison County as a habitual offender because the indictment did not meet the requirements of section 99-19-81.
This would have the effect of invalidating the further penalty "that sentence shall not be reduced or suspended nor shall you be eligible for parole or probation." This Court deleted similar language in Hill v. State, 388 So.2d 143 (Miss. 1980).
The order of the Circuit Court of Sunflower County dismissing the petition for writ of habeas corpus is, therefore, affirmed, *877 but the further penalty imposed by the Circuit Court of Madison County when Ard pled guilty to the offense of business burglary "that sentence shall not be reduced or suspended nor shall you be eligible for parole or probation" will be deleted.
AFFIRMED, BUT PROVISION OF NO PAROLE OR PROBATION DELETED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.