410 So.2d 1332 (1982)
Terry Wayne ADAMS
v.
STATE of Mississippi.
No. 53249.
Supreme Court of Mississippi.
March 17, 1982.
*1333 Robert B. Prather, Columbus, for appellant.
Bill Allain, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, BROOM and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Lowndes County wherein Terry Wayne Adams, appellant, pleaded guilty to a charge of aggravated assault and was sentenced as a habitual offender to twenty years in the custody of the Mississippi Department of Corrections without parole or probation. Reserving the right to contest his sentence under the habitual offender statute, Adams appeals and assigns the following error:
The trial court erred in sentencing the appellant as a habitual offender.
On October 12, 1973, Terry Wayne Adams pleaded guilty to a charge of grand larceny in the Circuit Court of Lamar County, Alabama. Subsequently, on July 20, 1978, Adams pleaded guilty to a charge of grand larceny in the District Court of the Sixteenth District of the State of Oklahoma. As a result of his plea, Adams was sentenced to serve two years under the direction and control of the Department of Corrections of the State of Oklahoma.
Adams was again indicted at the November 1980 term by a Lowndes County grand jury on a charge of aggravated assault. The indictment also charged Adams as a habitual offender. Adams moved to dismiss the indictment on the grounds that the habitual offender statute constituted cruel and inhuman treatment in that it provided no discretion as to sentencing; the statute failed to specify the procedure for establishing a habitual offender, the statute failed to take into consideration any rehabilitation of a defendant and the statute violated due process in that it did not allow a jury to determine the question of whether a party was a habitual offender.
*1334 Adams subsequently filed a petition to enter a plea of guilty to the aggravated assault charge; however, he specifically reserved the right to contest and/or appeal the habitual offender portion of the indictment. Adams thereafter pleaded guilty which, after thorough examination, was accepted by the court. A sentencing hearing was later held and the court found defendant should be sentenced as a habitual offender. Adams received a sentence of twenty years without eligibility for parole or probation in the custody of the Mississippi Department of Corrections.

Did the trial court err in sentencing appellant as a habitual offender?
Appellant argues that neither Mississippi Code Annotated section 99-19-81 (Supp. 1981) or any Uniform Criminal Rule of Circuit Court Practice set forth a procedure for determining and adjudicating a defendant as a habitual offender. appellant acknowledges Rule 6.04 entitled "Procedure for Proof of Prior Convictions under the Habitual Criminal Statute," however, contends this rule applies only to Mississippi Code Annotated section 99-19-83 (Supp. 1981). This question was answered in Usry v. State, 378 So.2d 635 (Miss. 1979), wherein this Court held:
All cases tried in the future involving section 99-19-81, the habitual offenders statute, should be tried pursuant to Rule 6.04 of the Mississippi Uniform Criminal Rules of Circuit Court Practice (1972). (378 So.2d at 639)
Defendant next contends that he should have been entitled to a jury trial on the issue of whether or not he was a habitual offender. This precise question was answered by this Court adversely to appellant in Diddlemeyer v. State, 398 So.2d 1343 (Miss. 1981), Yates v. State, 396 So.2d 629 (Miss. 1981), and Wilson v. State, 395 So.2d 957 (Miss. 1981). Although the aforementioned cases involved Section 99-19-83, the procedure involved under both Sections 99-19-81 and 99-19-83 is identical. Usry v. State, supra.
Appellant's contention that the statute constitutes cruel and inhuman treatment has no merit. In Jordan v. State, 383 So.2d 495 (Miss. 1980), this Court stated:
Finally, Brown argues that the minumum sentence provision is unconstitutional because it divests the trial court of all discretion concerning the duration of punishment or the granting of probation. In 1916 the Supreme Court held that a United States District Court was not free to ignore a congressionally imposed minimum sentence. Ex parte United States, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916). The Court reiterated that the statutory boundaries of criminal sentences are "peculiarly questions of legislative policy" in Gore v. United States, 357 U.S. 386, 393, 78 S.Ct. 1280, 1285, 2 L.Ed.2d 1405 (1958). These decisions effectively foreclose appellant's constitutional attack on the mandatory minumum sentence. (383 So.2d at 497)
This Court has consistently held that a sentence will be upheld if within statutory limits. Mansell v. State, 403 So.2d 871 (Miss. 1981), Henderson v. State, 402 So.2d 325 (Miss. 1981), and Bracy v. State, 396 So.2d 632 (Miss. 1981). Also, where a sentence does not exceed statutory limits, it does not constitute cruel and inhuman treatment. Baker v. State, 394 So.2d 1376 (Miss. 1981). Defendant in the present case did not even offer any mitigating circumstances.
Finally, appellant avers his first conviction, relied upon for enhanced punishment, occurred during his minority; therefore, it should not have been considered by the trial judge. There was no evidence presented by appellant during the sentencing phase to show that appellant was tried other than as an adult in Alabama. Remoteness in the convictions relied upon for enhanced punishment is not a factor to be considered. Pace v. State, 407 So.2d 530 (Miss. 1981).
Finding no error in the sentencing of appellant as a habitual offender, this case must be affirmed.
AFFIRMED.
*1335 PATTERSON, C.J., SMITH and SUGG, P. JJ., and WALKER, BROOM, ROY NOBLE LEE, BOWLING and HAWKINS, JJ., concur.